Bergan, J.
Defendant has been convicted of murder under new Penal Law section 125.25 (subd. 2). In relevant text this provides: “ A person is guilty of murder ” when “ [u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person ”.
The proof abundantly establishes that the death of Boxanne Felumero, the three-and-a-half-year-old child of defendant’s wife, was caused by repeated physical beatings by defendant between March 16 and March 21, 1969 when the child died.
The beatings were brutal, callous and inhuman. The medical proof is that the resulting injuries produced death. The beating of the child by defendant was established by several witnesses and especially by Marie Poplis, defendant’s wife and the mother of the child, who described the repeated physical violence of defendant to the child and ultimately her death.
The argument of appellant is not that the proof would not sustain a finding of physical brutality by him resulting in death, but rather that the acts as alleged ‘ ‘ do not fall within the murder statute ’ ’. It is suggested there is no substantial difference in the definitions of murder under section 125.25 (subd. 2) and man *88 slaughter second degree under section 125.15 (subd. 1). The latter provision states a person is guilty of manslaughter when “ [h]e recklessly causes the death of another person ”.
A person who, with a “ depraved indifference to human life ”, recklessly engages in conduct which ‘ ‘ creates a grave risk of death to another person ” resulting in death, also by included definition “ recklessly causes ” the death. But the murder prescription requires more than recklessly causing death which could happen, for example, from gross carelessness in motor vehicle operation.
The murder definition requires conduct with ‘ ‘ depraved indifference ” to “ human life ”, plus recklessness. This is conduct of graver culpability, and it is the kind which has been rather well understood at common law to involve something more serious than mere recklessness alone which has had an incidental tragic result. The continued brutality toward a child, found by the jury in this case, fits within the accepted understanding of the kind of recklessness involving ‘ ‘ a depraved indifference to human life ”.
The predecessor to section 125.25 was former Penal Law section 1044 (subd. 2). This was very similar in effect, but somewhat different in text. It prescribed an act u imminently dangerous to others, and evincing a depraved mind, regardless of human life ”. This is just about another way of saying “ depraved indifference to human life ” but the new text eliminates the psychiatrically complicating term ‘ ‘ evincing a depraved mind ’ ’ and is a distinct improvement.
The court had the former definition for consideration in People v. Jernatowshi (238 N. Y. 188 [1924]) where the act charged was recklessly shooting a gun into a house, killing one of the occupants. Chief Judge Hiscock, on analysis of the problem raised by ‘ ‘ depraved mind, regardless of human life ’ ’, reached this conclusion (p. 192): “ So in this case when the defendant fired two or more shots into the house where he knew there were human beings he committed an act which the jury certainly could say was imminently dangerous and which evinced a wicked and depraved mind regardless of human life and which amply supplied the evidence of malice and felonious intent which were charged in the indictment and proof of which was necessary to establish the crime of murder in the first degree.”
*89 The court was of opinion that its analysis of the operative effect of the statute was consistent with Darry v. People (10 N. Y. 120), a case on which appellant here strongly relies. Chief Judge Hiscock quoted from the opinion of Judge Selden (one of three written in Barry) in which the statutory language was construed to include ‘1 circumstances evincing great depravity and utter recklessness in regard to human life ’ ’ without a specific intent to kill, where life is put in jeopardy (p. 147).
The actual decision in Barry turned on a limitation in the language of that statute which, seeming to require a threat of danger to more than one person, was subsequently corrected by amendment. There was a careful analysis in the Semen opinion of the history of the problem at common law, especially the development of cases of “ depraved and reckless conduct ” from 1 Bast’s Pleas of the Crown (223, § 10).
A discussion of the history of the question and of the scope of Barry is laid out in the opinion of Justice Clarke for the First Department in People v. Darragh (141 App. Div. 408, affd. 203 N. Y. 527). The new Penal Law provision is analyzed in the Practice Commentary by Denzer and McQuillan (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, pp. 235-236) which notes that both the former provision and the present one embrace “ extremely dangerous and fatal conduct performed without specific homicidal intent but with a depraved kind of wantonness ”. The statute is sufficiently definite and the kind of conduct described is sufficiently laid out to sustain a valid penal sanction. The evidence here supports the conviction.
The other point made by appellant, that the Assistant District Attorney who tried the case should have been disqualified by the court because defendant wanted to call him as a witness, is without substance. Not only is the denial of such a motion within the discretion of the Trial Judge, but to be arguable here prejudice as a matter of law must be shown and no such prejudice is demonstrated.
The order should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Breitel, Jasen and Gtbson concur.
Order affirmed.