THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL FRANCE, Appellant.

First Department, June 2, 1977

*Hugh Anthony Levine* of counsel *(John Nicholas Iannuzzi,* attorney), for appellant.

*Norman W. Barclay* of counsel *(Robert M. Pitler* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

BIRNS, J. The defendant stands convicted of various counts of robbery in the first and second degrees, assault in the first degree, possession of a weapon as a felony, and criminal possession of stolen property. He was convicted also of murder in the second degree (Penal Law, § 125.25, subd 2 [depraved mind murder]) and sentenced as a predicate felon to a term of 25 years to life. He received lesser concurrent terms on each of the other crimes of which he was convicted. With respect to the conviction for murder, he challenges the sufficiency of the evidence against him.

At about 3:00 A.M. on September 25, 1973 the defendant and an associate in a stolen automobile fled from 10th Street Third Avenue where they had robbed a prostitute. After being stopped on Broome Street by an unmarked police car reacting to a broadcast of the robbery, the defendant put his car in motion and speeding north on Lafayette from Broome Street, ignored four red lights while pursued by the police car. At the intersection of Houston and Lafayette Streets, the defendant's automobile collided with a westbound automobile causing the death of the driver of that car and serious physical injury to a passenger therein. There was some evidence that other vehicular traffic and pedestrians were on the street at the time.[1]

We are of the opinion that the trial court was in error in submitting to the jury that count of the indictment charging murder (Penal Law, § 125.25, subd 2 [depraved mind murder]). Section 125.25 provides: "A person is guilty of murder in the second degree when: * * * 2. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

---

1. The defendant was also charged with murder in the second degree (Penal Law, § 125.25, subd 3 [felony murder]) in that while engaged in a robbery and in the "immediate flight therefrom" he caused the death of a person by crashing his automobile into that of another. He was acquitted of this charge by the jury.

There can be no doubt that the defendant's conduct was reckless and that such conduct caused the death of another. But it does not follow that because defendant was attempting to escape from capture by police at 3:00 A.M., at high speed in a motor car, and ignored successive traffic signals, these circumstances "evinc[ed] a depraved indifference to human life".

Although testimony concerning the condition of the streets and thoroughfares at the time involved and the defendant's rate of speed while driving is sketchy, there is no doubt that the collision at the intersection with its most tragic consequences was fortuitous; it was not as if the defendant, in an effort to elude pursuers, drove his auto into congestion deliberately disregarding other vehicles or pedestrians who happened to block his way.

The case at bar does not resemble the classic cases of depraved mind murder where danger to many was an essential element (see Gegan, A Case of Depraved Mind Murder, 49 St. John's L Rev 417). However, such an element is no longer requisite, for recent cases have found this homicide section to have been applied to criminal conduct directed at a single person *(People v Poplis,* 30 NY2d 85; *People v Kibbe,* 35 NY2d 407).

Nevertheless, the evidence should require, as it did in a hoary precedent, that the act must be "perpetrated with a full consciousness of the probable consequences" *(Darry v People,* 10 NY 120, 148, SELDEN, J.) and certainly be one which would support the observation that "the imminently dangerous act, the extreme depravity of mind, and the *regardlessness of human life,* properly place the crime upon the same level as the taking of life by premeditated design" *(Darry, supra,* p 158, PARKER, J.) (emphasis added).

The observation in *Poplis (supra)* is significant in present-day application of the murder section under review: "A person who, with a 'depraved indifference to human life', recklessly engages in conduct which 'creates a grave risk of death to another person' resulting in death, also by included definition 'recklessly causes' the death. *But the murder prescription requires more than recklessly causing death which could happen, for example, from gross carelessness in motor vehicle operation.* (Emphasis added.)

"The murder definition requires conduct with 'depraved indifference' to 'human life', plus recklessness. This is conduct

of graver culpability, and it is the kind which has been rather well understood at common law to involve something more serious than mere recklessness alone which has had an incidental tragic result." *(Poplis, supra,* p 88.)

Such condemned behavior is required to be "extremely dangerous and fatal conduct performed without specific homicidal intent but with a depraved kind of wantonness: for example, shooting into a crowd, placing a time bomb in a public place, or opening the door of the lions' cage in the zoo (see *People v Jernatowski,* 238 NY 188; *Darry v People, supra)."* (Practice Commentaries by Arnold D. Hechtman, McKinney's Cons Laws of NY, Book 39, Penal Law, § 125.25) and not merely carelessness or recklessness in the operation of an automobile (cf. *People v Haney,* 30 NY2d 328, 333). Compared to the crime of criminally negligent homicide (Penal Law, § 125.10), where the existence of criminal negligence is the critical element, the crime of manslaughter in the second degree "with its greater culpability requirement is, of course, applicable to very aggravated cases and can be employed as a basis for prosecution in such instances" (Practice Commentaries by Arnold D. Hechtman, McKinney's Cons Laws of NY, Book 39, Penal Law, § 125.10).

Lacking in the facts before us is proof that defendant's behavior demonstrated such an abandonment of concern for those around him *(Darry, supra),* so that it can be said that the proof established a "depraved indifference to human life". We merely note in passing that at the time the defendant drove his auto in the unsuccessful effort to escape, he was accompanied by a passenger.

It is most difficult in many cases to determine "the difference between killing someone with reckless disregard of the consequences and killing someone with reckless disregard *and* under circumstances evincing a depraved indifference to human life" (Gegan, *supra,* p 440).[2] Accordingly, a trial court is required to examine the evidence with meticulous care before permitting a charge of manslaughter to be elevated to the crime of murder. On appeal, the degree of care cannot be less.

We therefore reverse the defendant's conviction for murder

2. Professor Gegan has also made this comment: "As of now, the existence of a category of murder which must in hard cases be unintelligible to lay jurors, probably to lawyers, and possibly now and then even to judges, is a problem crying aloud for clarification. Unless clarification is forthcoming we would be better off without it." (Gegan, *supra,* p 459.)

in the second degree and vacate his sentence thereunder as a predicate felon. It is obvious that the recklessness required for conviction under the murder statute (Penal Law, § 125.25 subd 2) is the recklessness required to be established under the definition of manslaughter in the second degree. We find the evidence was legally sufficient to establish his guilt of the lesser included offense of manslaughter in the second degree (Penal Law, § 125.15, subd 1; CPL 470.15, subd 2, par [a]).

In addition, we reverse the defendant's conviction of the crime of assault in the first degree (Penal Law, § 120.10, subd 3) on the passenger in the vehicle which was struck and vacate the defendant's sentence thereunder as a predicate felon. As with murder in the second degree (Penal Law, § 125.25, subd 2), assault in the first degree requires a showing of "circumstances evincing depraved indifference to human life". As stated earlier, proof of this element is lacking. However, the "recklessness" required for conviction under assault in the first degree statute (Penal Law, § 120.10, subd 3) is the recklessness required to be established under the definition of assault in the second degree. In the circumstances here, we find that the automobile driven by defendant was a dangerous instrument (Penal Law, § 10.00, subd 13). We find that the evidence was legally sufficient to establish his guilt of the lesser included offense of assault in the second degree (Penal Law, § 120.05, subd 4; CPL 470.15, subd 2, par [a]).

Accordingly, the judgment, Supreme Court, New York County (LEFF, J.), rendered November 4, 1974, should be modified, on the law, to the extent of reducing defendant's conviction of murder in the second degree and assault in the first degree to manslaughter in the second degree and assault in the second degree, respectively, and the case remitted to the Supreme Court for appropriate sentences thereon. We find no merit to any of the other claims of the defendant and so in all other respects the judgment of conviction herein against the defendant should be affirmed.

KUPFERMAN, J. P., SILVERMAN and LANE, JJ., concur.

Judgment, Supreme Court, New York County, rendered on November 2, 1974, unanimously modified, on the law, to the extent of reducing defendant's conviction of murder in the second degree and assault in the first degree to manslaughter in the second degree and assault in the second degree, respectively, and the case remitted to the Supreme Court, New York

County, for appropriate sentences thereon. In all other respects the judgment is affirmed.