■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN WEBB, Appellant.—Judgment of the Supreme Court, Bronx County, rendered October 4, 1977, convicting defendant of criminal possession of a weapon in the third degree, reckless endangerment in the first degree, criminal possession of a controlled substance in the fifth degree, and two counts of criminal possession of a controlled substance in the seventh degree, unanimously modified, on the law, to reverse the conviction of reckless endangerment, dismiss said charge, vacate all sentences heretofore imposed and to remand the matter for resentencing on all the remaining charges, and otherwise affirmed. We reverse defendant's conviction for reckless endangerment in the first degree and dismiss that charge, i.e., Count No. 3 of the indictment. At the moment Police Officer Stone, standing above the crowd on an elevated subway station, observed defendant fire a revolver, defendant and his brother were surrounded by a hostile, menacing group. Whether the shot was fired by defendant into the crowd or over the heads of those in front of him was a matter in dispute at the trial. No person, however, was struck by a bullet. The evidence at trial was insufficient as a matter of law to warrant submission of that count. Reckless endangerment in the first degree, requires proof that a defendant "under circumstances evincing a depraved indifference to human life * * * recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law, § 120.25). In the circumstances at bar, it cannot be said that defendant, in firing the shots to protect himself from the menacing crowd, evinced a "depraved indifference to human life" (see *People v France*, 57 AD2d 432, 433-435). Nor can it be said that defendant at that time acted "recklessly" (Penal Law, § 15.05, subd 3), that is, with a gross deviation from the standard of conduct that a reasonable person would observe in that situation (see *People v Montanez*, 41 NY2d 53, 57; cf. *People v France*, supra, pp 434, 436). It is apparent that defendant's sentences on all charges were related to the trial court's finding at sentence that defendant was a "direct threat to the community", a finding at least in part based on defendant's reckless endangerment conviction. Accordingly, the sentences heretofore imposed on defendant are vacated, and the matter remanded to the trial court for resentencing on each of the other charges, under which defendant's convictions are affirmed. The other contentions of defendant have been considered and found to be without merit. Concur—Kupferman, J. P., Birns, Evans, Markewich and Lupiano, JJ.