Strafford
No. 79-014

THE STATE OF NEW HAMPSHIRE

v.

RUSSELL HOWLAND

May 23, 1979

■ ■■■■■

*Thomas D. Rath*, attorney general (*Peter W. Heed*, assistant attorney general, orally), for the State.

*William P. Shea*, of Sanbornville (*Edward J. Mertens* orally), for the defendant.

GRIMES, J. The issue in this case involving an indictment for murder in the second degree, RSA 630:1-b, is whether it was error for the court to charge manslaughter, RSA 630:2, as a lesser included offense. We hold it was not.

Defendant was indicted for murder in the second degree for causing the death of his mother. At the State's request, but over defendant's objection, the trial judge, in addition to charging the jury on murder, charged the jury on manslaughter as a lesser included offense. Defendant was convicted of manslaughter and his exceptions were transferred by *Bean*, J.

RSA 630:1-b defines murder in the second degree as follows:

630:1-b Second Degree Murder.

I. A person is guilty of murder in the second degree if:

(a) He knowingly causes the death of another; or

(b) He causes such death recklessly under circumstances manifesting an extreme indifference to the value of human life. Such recklessness and indifference are presumed if the actor causes the death by the use of a deadly weapon in the commission of, or in an attempt to commit, or in immediate flight after committing or attempting to commit any class A felony.

RSA 630:2 defines manslaughter as follows:

630:2 Manslaughter

I. A person is guilty of a class A felony when he causes the death of another

(a) Under the influence of extreme mental or emotional disturbance caused by extreme provocation but which would otherwise constitute murder; or

(b) Recklessly.

Both RSA 630:1-b I(b) and RSA 630:2 I(b) require proof of reckless-ness. The murder statute, RSA 630:1-b, in addition to proof of reck-lessness, requires proof that death was caused "under circumstances manifesting an extreme indifference to the value of human life."

The common element of recklessness is defined in RSA 626:2 II(c) as follows:

> (c) "Recklessly." A person acts recklessly with respect to a material element of an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his con-duct. The risk must be of such a nature and degree that, con-sidering the circumstances known to him its disregard con-stitutes a gross deviation from the conduct that a lawabid-ing person would observe in the situation. A person who cre-ates such a risk but is unaware thereof solely by reason of having voluntarily engaged in intoxication or hypnosis also acts recklessly with respect thereto.

Defendant argues that the added requirement of the murder stat-ute, that is, the requirement of extreme indifference to the value of human life, is really no different from the recklessness requirement, and, therefore, that manslaughter is not properly classified as a lesser included offense to murder in the second degree. We cannot agree.

"Circumstances manifesting an extreme indifference to the value of human life" means something more than merely being aware of and consciously disregarding a substantial and unjustifiable risk. *See* Report of the Comm. to Recommend Codification of Criminal Laws, Comments to § 575:2 (manslaughter) (1969). "If the advertence [to the risks involved] and the disregard are so blatant as to manifest extreme indifference to life, then the offense is murder . . . ." *Id.* Thus where the accused's behavior "constitutes a gross deviation" from law-abiding conduct, RSA 626:2 II(c), but does not manifest "an extreme indifference to the value of human life," RSA 630:1-b I(b), the jury may properly find only manslaughter. Where, however, the evi-dence supports the additional element of "extreme indifference," the jury may find murder in the second degree. The existence and extent of disregard manifested is a factual determination to be made by the jury. Manslaughter, therefore, is a lesser included offense to murder in the second degree. *See generally State v. O'Brien*, 114 N.H. 233, 317 A.2d 783 (1974); *Sansone v. United States*, 380 U.S. 343, 347–49 (1965).

This being so, the State is entitled to have the lesser included offense instruction submitted to the jury if the evidence justifies it.

The defendant is not entitled to "force an all-or-nothing verdict" by objecting to instructions on lesser included offenses if the evidence warrants it. *State v. Lopez*, 160 N.J. Super. 30, 36, 388 A.2d 1273, 1276 (1978).

Defendant argues that even assuming that manslaughter is a lesser included offense, it should not have been submitted to the jury because there was no factual dispute regarding the distinguishing element. He contends that while he did contest the element of recklessness, he introduced no evidence on the additional element because his defense was a complete denial of culpability.

The real test whether a lesser included offense instruction should be given is whether the evidence furnishes a rational basis for a finding of guilt on the lesser offense but not on the greater offense. *See Sansone v. United States*, 380 U.S. at 350; *United States v. Harary*, 457 F.2d 471, 477 (2d Cir. 1972). When a defendant makes the request, consideration is given to whether the noncommon element was disputed by the defendant so as to furnish a rational basis for a finding of guilt on the lesser offense rather than the greater. *See State v. O'Brien*, 114 N.H. 233, 317 A.2d 783 (1974). But where the State, which has the burden of proof, requests the submission of the lesser offense, the existence of an open dispute as to the noncommon element is of less importance. The State has the burden of proving the noncommon element even though defendant has not actively contested it. If the evidence is such that the jury could fail to find the additional element but could find guilt on the lesser offense, the State is entitled to have the lesser offense submitted even though there has been no affirmative evidence by the defendant negating the additional element. *See United States v. Harary*, 457 F.2d at 478; *United States v. Sinclair*, 444 F.2d 888 (D.C. Cir. 1971); *United States v. Comer*, 421 F.2d 1149 (D.C. Cir. 1970).

In the case before us the evidence was such that the jury could rationally find that the State had proved manslaughter but had failed to prove the element necessary for a conviction of murder in the second degree. The State's evidence did not necessarily establish guilt of the greater offense and there was therefore a rational basis for a verdict of guilty of manslaughter. *State v. O'Brien supra.*

The question whether the evidence justified a finding of guilt for manslaughter is to be determined at the close of all the evidence. *See State v. Allen*, 114 N.H. 682, 683, 327 A.2d 715, 716 (1974); *State v. Barry*, 93 N.H. 10, 12, 34 A.2d 661, 662 (1943). We hold that the verdict was supported by the evidence.

Defendant also contends that the statutory scheme regarding these crimes is so vague that it denies him due process. He argues that

418

although "manifesting an extreme indifference to the value of human life" is an added element required for murder, the element is so vague that it defies definition and that ordinary persons cannot distinguish it from recklessness. He points to comments of the trial court regarding any attempt to define the phrase, a task the court did not attempt beyond a reading of the words themselves. No definition of the disputed phrase has been brought to our attention. It was introduced by those who, in revising our criminal law, decided to depart from the longstanding and well established elements of murder and manslaughter in favor of a newly suggested definition. We do not pass upon the wisdom of the change. Nor need we decide in this case whether the statute on murder in the second degree is void for vagueness, because defendant was not convicted of that crime.

The determination of guilt of manslaughter in no way requires the application of the disputed element of murder in the second degree. Defendant cannot escape his conviction for manslaughter on the ground of vagueness in the definition of the crime of murder of which he was acquitted.

*Exceptions overruled.*

All concurred.