■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO RAMIREZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 17, 1979, convicting him of reckless endangerment in the first degree, after a nonjury trial, and imposing sentence. Judgement affirmed. Appellant was indicted, together with a codefendant, for two counts of attempted murder in the second degree, one count of assault in the first degree, and three counts of criminal possession of a weapon, in connection with a shooting incident which occurred outside a Queens bar in the early morning hours of July 9, 1977. At the close of the People's case, the Trial Judge reduced one of the attempted murder counts to reckless endangerment in the first degree, having found that the evidence failed to establish the necessary intent to kill (see Penal Law, §§ 110.00, 125.25, subd 1); the remaining counts of the indictment were dismissed. Appellant's central argument on appeal is that his conviction for reckless endangerment was improper because that crime does not meet the statutory definition of lesser included offense with respect to attempted murder in the second degree (see CPL 1.20, subd 37). The substance of the contention is that the former crime requires proof of "conduct which creates a grave risk of death to another person" (Penal Law, § 120.25), while

attempted murder under subdivision 1 of section 125.25 of the Penal Law does not, and that, contrary to the requirements of CPL 1.20 (subd 37), it is possible by the same conduct to commit attempted murder without concomitantly engaging in conduct which creates a grave risk of death. Accordingly, appellant asserts that he was denied prior notice that he would be charged with conduct creating a grave risk of death and thus was deprived of an opportunity to prepare an adequate defense. On the record before us, the contention lacks merit. While it is theoretically possible to attempt murder without creating a grave risk of death to another person — e.g., where the attempt is rendered innocuous by some circumstance of factual impossibility — such is not the case at bar. The indictment charges appellant with attempting to cause the death of one Ali Bayona by "shooting at him with a pistol"; the counts of the indictment charging criminal possession of a weapon in the second degree further allege that each of the weapons was "loaded". The People's trial evidence shows that appellant, who was the assistant manager of a "disco bar", fired three shots at Bayona after the latter and a companion, Victor Gorin, tried to render aid to a third friend involved in a melee outside the bar. The shots were fired at distances ranging from 10 to 45 feet while Bayona and Gorin retreated from the scene. Neither Bayona nor Gorin was injured as a result of the shots. Shorn of the allegation of intent to kill, the indictment contains factual allegations sufficient to make out all of the material elements of reckless endangerment in the first degree and thus served to put appellant on notice that he might be required to disprove the element of conduct creating a grave risk of death in the event that the People's proof of his mental culpability fell short of the intent required for the charge of attempted murder (cf. *Keefe v People,* 40 NY 348, 357). Moreover, the trial evidence makes it clear that it would have been impossible on the facts as charged for appellant to have committed attempted murder without concomitantly committing reckless endangerment by the same conduct. Accordingly, since there is a reasonable view of the evidence which would support a finding that appellant acted recklessly but without an intent to kill (see CPL 300.50, subd 1), the trial court properly considered the charge of reckless endangerment as a lesser included offense (see *People v Henderson,* 41 NY2d 233; *People v Johnson,* 39 NY2d 364; *People v Flores,* 42 AD2d 431; *People v Wall,* 34 AD2d 215, affd 29 NY2d 863; *Keefe v People, supra; Dedieu v People,* 22 NY 178; see, also, *People v Williams,* 40 AD2d 1023, 1024). We have considered appellant's argument that the evidence was legally insufficient to support a guilty finding of reckless endangerment in the first degree beyond a reasonable doubt; we find it to be without merit. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.