■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON WILKENS, Appellant. — Judgment, Supreme Court, New York County (Arnold Guy Fraiman, J.), rendered October 2, 1981, convicting defendant, after a jury trial, of attempted assault in the second degree and reckless endangerment in the first degree, and sentencing defendant to concurrent intermittent terms of six months' imprisonment to be served on weekends, modified, on the law, to reverse defendant's conviction of reckless endangerment in the first degree and dismiss that count of the indictment, and otherwise affirmed. Indicted for attempted assault in the first degree and reckless endangerment in the first degree, the defendant was convicted, after a jury trial, of attempted assault in the second degree and reckless endangerment in the first degree, and sentenced to two concurrent intermittent terms of imprisonment of six months to be served on weekends, which sentence has already been served. The event with which we are concerned occurred on December 29, 1980, in the last or next-to-last car of a Flushing Line subway train headed for Queens from Grand Central Station. The defendant, seated next to a man who appeared to be in his late seventies, was observed first mumbling to himself, then talking incoherently to the elderly man seated next to him, and was then seen to mouth obscenities at the man. The old man got up and walked to the other side of the car. Defendant removed a knife from the pocket of his pants, and looking at the back of the old man, uttered obscenities addressed to him. The defendant opened the knife, pursuing the old man, and jabbed or thrust the knife towards his back. The man was pulled away from the defendant by two passengers, and the defendant lunged at him with a thrust that came close to the middle of his back, and which might have entered his back if he had not been pulled away. The passengers on the train moved away from defendant, who, in an apparent effort to keep the passengers at bay, waved and slashed his knife at anyone near him. One thrust came to within a foot of a particular passenger and others came close to other passengers. The conductor was notified and a signal alerted police officers on the train, who arrested the defendant. Notwithstanding substantial evidence that the defendant was intoxicated, which was in part contradicted by other evidence and circumstances, the evidence was clearly sufficient in our view to sustain the defendant's conviction for attempted assault in the second degree. A more troublesome question is presented by the defendant's challenge to his conviction for reckless endangerment in the first degree. Section 120.25 of the Penal Law provides that a person is guilty of reckless endangerment in the first degree when: "under circumstances evincing-a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." The language is identical to that used in subdivision 2 of section 125.25, defining murder in the second degree where death actually occurs under the described circumstances. Hechtman's Practice Commentaries to subdivision 2 of section 125.25 of the Penal Law (McKinney's Cons Laws of NY, Book 39) illustrate the conduct there proscribed by the following examples: "shooting into a crowd, placing a time bomb in a public place, or opening the door of the lions' cage in the zoo". (See, also, *People v France,* 57 AD2d 432, 435; cf. *People v Ramirez,* 79 AD2d 978, 979; *People v Webb,* 67 AD2d 890.) Undeniably, it is possible to envisage conduct less dramatic than the examples in the Practice Commentaries which would present a jury question as to the application of the reckless endangerment in the first degree section. Acknowledging the question is not free from doubt, we are persuaded that under all the circumstances presented, defendant's behavior fell short of that required to support his conviction for reckless endangerment in the first degree. In view of the defendant's conviction for attempted assault in the second degree, and the circumstance that he has already served the six-month weekend sentence fixed by the sentencing court,

we think it unnecessary to consider whether or not the reckless endangerment conviction should be reduced to reckless endangerment in the second degree (Penal Law, § 120.20), which is committed when someone "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." Concur — Kupferman, J. P., Sandler, Asch and Lynch, JJ.