Hillsborough
No. 84-237

# THE STATE OF NEW HAMPSHIRE

v.

# FRANK DOW

March 1, 1985

*Stephen E. Merrill*, attorney general (*Steven L. Winer*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant, Frank Dow, appeals his second degree murder conviction, arguing that the evidence at trial was insufficient to establish circumstances manifesting an extreme indifference to the value of human life and also that the phrase "extreme indifference to the value of human life" is unconstitutionally vague. We affirm.

The defendant was indicted for second degree murder, RSA 630:1-b, I(b). The indictment alleged that the defendant "did recklessly cause the death of Kathy Delong Tetu by asphyxiation under circumstances manifesting an extreme indifference to the value of human life in that he beat her about the face and neck with a tree branch and placed foreign material in her mouth." After a jury trial, the defendant was found guilty of second degree murder, and the Superior Court (*Pappagianis*, J.) sentenced him to a term of eighteen years to life at the New Hampshire State Prison.

The defendant's first claim—that the evidence presented at trial was insufficient to establish circumstances manifesting an extreme indifference to the value of human life—is without merit. The evidence is conclusive in supporting the allegation that the defendant manifested an extreme indifference to the value of human life.

The testimonial and physical evidence showed, and a rational trier of fact could have found beyond a reasonable doubt, that the defendant struck Kathy Delong Tetu with a solid pine log using considerable force and that he manually strangled her. He inflicted a series of bruises, lacerations and broken bones on her face, neck and shoulders. He also filled her mouth and throat with pine needles and leaves, and he then pushed these materials down her throat with a stick, blocking her airway and causing her death.

Unquestionably these actions constitute circumstances manifesting an extreme indifference to the value of human life. The evidence shows not simply a killing, but a killing accomplished by a brutal beating and asphyxiation.

We now turn to the defendant's claim that the phrase "extreme indifference to the value of human life" is unconstitutionally vague. "A criminal statute is void for vagueness if it 'forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to

its application.'" *State v. Chaisson*, 123 N.H. 17, 26, 458 A.2d 95, 100 (1983) (quoting *State v. Albers*, 113 N.H. 132, 133, 303 A.2d 197, 199 (1973)). Mathematical exactness is not required in a penal statute, nor is a law invalid merely because it could have been drafted with greater precision. *State v. Hewitt*, 116 N.H. 711, 713, 366 A.2d 487, 488 (1976).

The words "extreme indifference to the value of human life" are easily understood. They are the equivalent of what is sometimes referred to as "depraved heart murder," which has long been part of the law. *See* REPORT OF COMM. TO RECOMMEND CODIFICATION OF CRIMINAL LAWS, comments to § 575:1 (murder) (1969); MODEL PENAL CODE § 210.2, comment 4, at 22 (1980).

Both the second degree murder statute, RSA 630:1-b, I(b), and the manslaughter statute, RSA 630:2, I(b) (Supp. 1983), require proof that a defendant caused the death of another "recklessly" as that term is defined in RSA 626:2, II(c). The second degree murder statute, however, requires proof of the additional element that the death be caused "under circumstances manifesting an extreme indifference to the value of human life." RSA 630:1-b, I(b). As we previously have stated:

> "'Circumstances manifesting an extreme indifference to the value of human life' means something more than merely being aware of and consciously disregarding a substantial and unjustifiable risk. 'If the advertence [to the risks involved] and the disregard are so blatant as to manifest extreme indifference to life, then the offense is murder . . . .' Thus where the accused's behavior 'constitutes a gross deviation' from law-abiding conduct, RSA 626:2, II(c), but does not manifest 'an extreme indifference to the value of human life,' RSA 630:1-b I(b), the jury may properly find only manslaughter. Where, however, the evidence supports the additional element of 'extreme indifference,' the jury may find murder in the second degree. The existence and extent of disregard manifested is a factual determination to be made by the jury."

*State v. Howland*, 119 N.H. 413, 416, 402 A.2d 188, 191 (1979) (quoting REPORT OF COMM. TO RECOMMEND CODIFICATION OF CRIMINAL LAWS, comments to § 575:2 (manslaughter) (1969)) (citations omitted).

A number of courts have been presented with the issue the defendant raises in this appeal. These courts have uniformly held that statutes similar to the one in question are not unconstitutionally

vague. *Waters v. State,* 443 A.2d 500, 506 (Del. 1982) ("the words 'cruel, wicked and depraved indifference to human life' are words with a commonly accepted meaning" that is not unconstitutionally vague); *State v. Flick,* 425 A.2d 167, 173–74 (Me. 1981) ("depraved indifference" murder statute not unconstitutionally vague); *State v. Primeaux,* 328 N.W.2d 256, 258 (S.D. 1982) (second degree murder statute proscribing "any act imminently dangerous to others and evincing a depraved mind," not subject to uneven application and interpretation and gives fair notice of conduct forbidden); *People v. Poplis,* 30 N.Y.2d 85, 89, 330 N.Y.S.2d 365, 367–68, 281 N.E.2d 167, 169 (1972) (statute proscribing conduct "evincing a depraved indifference to human life" is sufficiently definite and the kind of conduct prescribed is sufficiently laid out to sustain a valid penal sanction); *see State v. Crocker,* 435 A.2d 58, 63–67 (Me. 1981).

The defendant's reliance on *Godfrey v. Georgia,* 446 U.S. 420 (1980), is misplaced. *Godfrey* concerned the arbitrary *application* of the Georgia death penalty statute—a statute which the Supreme Court previously had determined was not unconstitutionally vague on its face. *See Gregg v. Georgia,* 428 U.S. 153 (1976). The defendant in the case before us argues that the statute at issue is unconstitutionally vague; he does not claim that it was arbitrarily applied.

*Affirmed.*