OPINION OF THE COURT
Per Curiam.
Defendant appeals from an order of the Appellate Division affirming his conviction of two counts of murder in the second degree (Penal Law § 125.25 [2] [depraved mind murder]) and four counts of reckless endangerment in the first degree (Penal Law § 120.25). The charges arose out of an incident in which defendant drove his car several blocks on a busy New York City street and the sidewalks adjacent to it, killing two children and endangering the lives of several pedestrians. Defendant’s only contention on this appeal is that the evidence was insufficient to support the convictions of depraved mind murder.
Inasmuch as the Appellate Division affirmed the jury’s guilty verdict, we must view the evidence in the light most favorable to the People (see, People v Pena, 50 NY2d 400, 407, cert denied 449 US 1087). So viewed, it established that sometime between 7:30 and 8:00 p.m. on July 7,1981, defendant drove a car, owned by Americo Junco, out of a gas station located on the west side of 10th Avenue at 45th Street in Manhattan and entered 10th Avenue at a speed of approximately 40 miles an hour. He then accelerated across 10th Avenue, struck and careened off a parked car and continued traveling north, weaving from lane to lane. As he did so, he struck the left side of a moving vehicle, accelerated to over 50 miles an hour, and mounted the curb of the sidewalk adjacent to a parking lot entrance south of the southwest corner of 46th Street. He then drove the car along the sidewalk at a high rate of speed and struck a boy riding his bicycle, Daniel Galibar, throwing him completely across 46th Street. An occupant of the car testified that at that point he told defendant to apply the brakes, but defendant responded: “No I cannot brake, I cannot put the brakes on any longer. I have killed a person already.”
Defendant then accelerated his speed further, crossed 46th Street and mounted the opposite sidewalk where several people were standing. He drove up the block on the sidewalk, striking another child riding a bicycle, Rene Mercado, near the corner of 47th Street, and dragging his body approximately 80 feet. Junco’s vehicle then crossed 47th Street and mounted the curb on *11 the northwest corner. He again sped along the sidewalk at over 50 miles an hour nearly striking several people standing along 48th Street until defendant braked for the first time and the car came to rest. After the car stopped, defendant attempted to escape but he was apprehended and arrested.
After a jury trial, defendant was convicted and sentenced to two consecutive indeterminate terms of imprisonment of 25 years to life on the murder counts and four concurrent indeterminate terms of imprisonment of two and one-third to seven years on the reckless endangerment counts. On appeal, the Appellate Division modified the sentences by ordering that the terms imposed on the two murder counts run concurrently to each other and to the four concurrent terms on the reckless endangerment counts. It also upheld the jury’s finding of guilt, stating that the proof was sufficient to establish that defendant acted with depraved indifference to life. One Justice dissented. He would have reduced the sentences on the murder counts further to 15 years to life on each count to run concurrently. He also found the evidence that defendant had acted with depraved indifference to human life insufficient, stating that he feared that the court’s holding would result in murder prosecutions against drivers involved in reckless motor vehicle accidents.
The judgment must be supported by evidence that defendant, “[u]nder circumstances evincing a depraved indifference to human life”, recklessly engaged in conduct which created a grave risk of death to another person and thereby caused death (Penal Law § 125.25 [2]). Driving a speeding motor vehicle onto a busy Manhattan street and then down a crowded sidewalk at a high rate of speed for two blocks satisfies the requirement that the defendant acted recklessly, i.e., that he was aware of and consciously disregarded a substantial and unjustifiable risk (Penal Law § 15.05 [3]). In addition, the People were required to satisfy the depraved indifference element, meaning that defendant evidenced by his conduct a wanton indifference to human life or depravity of mind (People v Register, 60 NY2d 270, 274). The phrase “[ujnder circumstances evincing a depraved indifference to human life” is not a mens rea element focusing on the subjective intent of the defendant but rather involves “an objective assessment of the degree of risk presented by defendant’s reckless conduct” {id,, p 277). It “refers to the wantonness of defendant’s conduct and converts the substantial risk present in manslaughter into a very substantial risk present in murder” {id.).
*12 The risks posed by defendant’s conduct in this case and his callous indifference to them entitled the jury to conclude that his conduct placed the crime on the same level as intentional murder. As to the first murder count, defendant sped out of the gas station and entered traffic on a busy New York street at a speed in excess of 40 miles per hour. After striking two cars, he continued accelerating for nearly a block, partly on a sidewalk, until he struck the first victim. These factors, particularly the y excessive speed and the failure to brake, satisfy the depraved indifference element. Turning to the second murder count, similar conduct is present, including excessive speed and failure to brake when requested to do so by an occupant of the car, but there is also the additional evidence of depraved indifference to be found in defendant’s comment as he continued down the sidewalk and before the second victim was struck that he could not stop because he had already killed someone.
Finally, it is necessary to address the concern of the dissenting Justice at the Appellate Division that murder prosecutions will now result from fatal accidents involving reckless driving. As he noted, an automobile has obvious social utility and may be driven in a safe manner and certainly most motor vehicle accidents causing death would not constitute murder (see, e.g., People v France, 57 AD2d 432). However, an automobile also vz may be used, as here, in a wanton and callous manner, thereby posing a grave risk of death and in fact causing death. The focus of the depraved mind murder statute is to allow a trier of fact to discern depravity of mind from the circumstances under which an object or instrumentality is used. The depraved conduct cannot be excused by the inherent social utility of the object or instrumentality used to cause death.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in Per Curiam opinion.
Order affirmed.