Hillsborough
No. 85-310

### THE STATE OF NEW HAMPSHIRE

v.

### RAOUL DOMINGUEZ

July 9, 1986

*Stephen E. Merrill*, attorney general (*Gregory W. Swope*, senior assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

SOUTER, J. The defendant was tried in the Superior Court (*Pappagianis*, J.) under two indictments charging alternative varieties of second degree murder, one alleging that he caused the victim's death knowingly, RSA 630:1-b, I(a), and the other alleging that he did so recklessly under circumstances manifesting extreme indifference to the value of human life, *id.* :1-b, I(b). The jury was

allowed to consider these two charges, as well as the lesser offenses of manslaughter by causing death recklessly, RSA 630:2, I(b) (Supp. 1983), and negligent homicide, RSA 630:3, I(a) (current version at Supp. 1985). The verdict was guilty of second degree murder by causing death recklessly under circumstances manifesting extreme indifference.

Before the charge to the jury, defense counsel proposed a specific instruction on the meaning of "extreme indifference to the value of human life." The court refused to give it, and defense counsel on appeal concedes that the instruction as proposed would have been erroneous. The court also refused a request to explain the phrase by an instruction of its own devising. The defendant argues that the court thereby failed to honor its obligation to clarify the issues by explaining the law in straightforward language related to the evidence and claims of the case. *State v. Bird*, 122 N.H. 10, 15, 440 A.2d 441, 443 (1982). We disagree and affirm.

■ Although a trial judge has a comprehensive obligation to instruct a jury on the law, the judge has no duty to explain non-technical terms or phrases that are readily comprehended. *Id.* at 16, 440 A.2d at 444. "Extreme indifference to the value of human life" is such a phrase.

■ We have previously described those words as "easily understood," *State v. Dow*, 126 N.H. 205, 207, 489 A.2d 650, 652 (1985), and we have cast doubt on the need to explain them to a jury. *See State v. Bailey*, 127 N.H. 416, 503 A.2d 762 (1985). Our skepticism mirrors the view expressed in the official comment to the Model Penal Code:

> "Whether recklessness is so extreme that it demonstrates . . . indifference [analogous to indifference indicated by purposeful or knowing killing] is not a question . . . that can be further clarified. It must be left directly to the trier of fact under instructions which make it clear that recklessness that can fairly be assimilated to purpose or knowledge should be treated as murder and that less extreme recklessness should be punished as manslaughter."

MODEL PENAL CODE § 210.2, at 22 (1980) (footnote omitted).

> "Given the Model Code definition of recklessness, the point involved is put adequately and succinctly by asking whether the recklessness rises to the level of 'extreme indifference to the value of human life.'"

*Id.* at 25 (footnote omitted). Because the New Hampshire definition of recklessness is taken from the Model Penal Code, *compare* RSA 626:2, II(c) *with* MODEL PENAL CODE § 2.02(2)(c) (1985), the quoted comment is pertinent to the issue before us. We find the comment persuasive and hold that the phrase in question does not demand further explanation to a jury.

The defendant's attempts to marshal contrary authority only underscore the soundness of this view. He argues first that it would have been helpful to give the instruction approved in *State v. Howland*, 119 N.H. 413, 416, 402 A.2d 188, 191 (1979). But although a *Howland* instruction is perfectly proper, even a casual reading of *Howland* reveals that the instruction never really actually defines the phrase in question; it simply repeats the juxtaposition between mere recklessness and recklessness manifesting extreme indifference.

He submits, second, that two Wisconsin cases indicate a need to elucidate the phrase: *Balistreri v. State*, 83 Wis. 2d 440, 265 N.W.2d 290 (1978) and *Wagner v. State*, 76 Wis. 2d 30, 250 N.W.2d 331 (1977). But they are no authority for the defendant's position. In each case, criminal liability required proof of a "depraved mind, regardless of human life." *Balistreri, supra* 445, 265 N.W.2d at 294; *Wagner, supra* at 45, 250 N.W.2d at 340. Each case held that the defendant could not be convicted on evidence that indicated he had attempted to avoid hitting the victim with his car; and in each case, the court spoke of "indifference to the life of others" as a possible elucidation of "depraved mind, regardless of human life." *Balistreri, supra* at 450, 265 N.W.2d at 294; *Wagner, supra* at 45–47, 250 N.W.2d at 340. Each case thus ends where the clear statutory language in New Hampshire begins.

*Affirmed.*

All concurred.