■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAN LAMBERT, Appellant.—Appeal by the defendant from a

judgment of the County Court, Suffolk County (Vaughn, J.), rendered November 4, 1982, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from 25 years to life to 20 years to life imprisonment. As so modified, the judgment is affirmed.

The evidence in this case against the defendant consisted of her statements to the police concerning her participation in the beatings and brutalization of her four-year-old daughter Tamara which immediately preceded Tamara's death on February 2, 1982, plus photographs of the dead child, forensic and medical testimony, various items which were alleged to have been used to beat Tamara and items upon which Tamara's blood was discovered.

The defendant is incorrect in asserting that the case consists solely of circumstantial evidence and that under the "moral certainty" standard for reviewing the sufficiency of evidence in such cases (see, People v Giuliano, 65 NY2d 766, 767-768), there was insufficient evidence to convict. A confession is direct proof, whether introduced directly or through prosecution witnesses (see, People v Rosner, 67 NY2d 290, 295; People v Licitra, 47 NY2d 554, 558-559). Therefore, since the case against the defendant consisted in part of direct evidence, the "moral certainty" rule does not apply in reviewing the sufficiency of the evidence presented (see, People v Barnes, 50 NY2d 375, 380; People v Licitra, supra). Viewing the evidence in the light most favorable to the People and giving it the benefit of every favorable inference to be drawn therefrom (see, People v Giuliano, supra), it is clear that the evidence demonstrating the beatings of Tamara which culminated in the child's 30-minute immersion in water of a temperature of 47 degrees Fahrenheit, and the beating with a shoe which left hatch marks on her face and caused a serious head injury, overwhelmingly proved that the defendant was guilty of depraved indifference murder (see, Penal Law § 125.25 [2]).

The defendant never raised the issue of being deprived of counsel at a time when the Grand Jury met, but merely contended that she was not notified that a murder charge was being considered by the Grand Jury and was unaware of her right to testify before the Grand Jury. The record indicates that she was notified of both the Grand Jury's consideration of

the murder charge and her right to testify before it. Thus, the issue of deprivation of counsel is unpreserved, and we decline to exercise our interests of justice jurisdiction.

The defendant's contention that Penal Law § 125.25 (2) is unconstitutionally vague was not properly preserved for appellate review, as she failed to raise this issue at her trial *(see, People v Oliver,* 63 NY2d 973, 975; *People v Singleton,* 107 AD2d 828; *People v Cates,* 104 AD2d 895, 897). In any event, the defendant's argument is without merit as the statute has been previously upheld by the Court of Appeals *(see, People v Register,* 60 NY2d 270, *cert denied* 466 US 953; *People v Poplis,* 30 NY2d 85) and the case upon which defendant bases her argument, *Godfrey v Georgia* (446 US 420), does not involve a statute declared unconstitutional for vagueness, but a constitutional statute which was impermissibly applied *(see, State v Dow,* 126 NH 205, 489 A2d 650).

The defendant provides no evidence that the rulings of the hearing court at her combined *Huntley-Mapp* hearing were incorrect or its determination as to the credibility of witnesses was clearly erroneous. Therefore, we do not disturb them *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Gee,* 104 AD2d 561; *People v Armstead,* 98 AD2d 726).

Since the People introduced the photographs of Tamara to demonstrate that the defendant acted with a depraved indifference to human life, an element of the crime with which she was charged, the photographs were not offered, as the defendant contends, for the sole purpose of arousing the emotions of the jury and to prejudice her. Therefore, the trial court did not err when it admitted them *(see, People v Bell,* 63 NY2d 796; *People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Medina,* 120 AD2d 749; *People v Sims,* 110 AD2d 214, 222).

However, we find that the defendant's sentence was excessive to the extent indicated.

The defendant's remaining contentions are unpreserved or without merit. Mollen, P. J., Bracken and Brown, JJ., concur.

Spatt, J., concurs in part and dissents in part, and votes to affirm the judgment appealed from, with the following memorandum. While I concur in the affirmance of the conviction, I dissent from the modification of the sentence. In view of the nature of this crime, in my opinion it was appropriate to sentence this defendant to a term of imprisonment of 25 years to life *(see, People v Farrar,* 52 NY2d 302, 305; *People v Suitte,* 90 AD2d 80).