■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered June 21, 1983, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction on the third count of the indictment charging him with reckless endangerment in the first degree, vacating the sentence imposed thereon, and that count of the indictment is dismissed; as so modified, the judgment is affirmed.

As the facts developed at trial, the defendant was involved in an altercation with a person named Shillingford during the early morning hours of August 1, 1982. During the struggle between the two men, the defendant pulled out a gun, and at some point the gun was discharged. A short time later, when the defendant was walking away from this initial altercation, two police officers named Farley and Freeman, arrived in a patrol car and began to chase the defendant after bystanders indicated that the defendant had a gun. During the chase the defendant turned and pointed the gun at the patrol car from about 20 feet away, and appeared to pull the gun's trigger. When the gun failed to fire, the defendant ran toward a nearby apartment building which he attempted to enter. The officers thereupon followed the defendant on foot, and, as they approached him, he pointed his gun at Officer Freeman, and was shot in the shoulder by Officer Farley. The police officers' subsequent examination of the defendant's gun revealed that it was loaded, but had been rendered inoperable by a spent shell which had jammed in the chamber.

The Trial Judge found that the People had failed to prove

the defendant's guilt beyond a reasonable doubt as to the charge of attempted robbery in the first degree arising out of the incident with Shillingford and dismissed that count of the indictment. Defense counsel argued that the second count of the indictment charging the defendant with criminal possession of a weapon in the second degree covered two separate events and that that count should be dismissed because it was duplicitous. The Trial Judge found the defendant guilty of reckless endangerment in the first degree as to Officer Freeman, and of criminal possession of a weapon in the second degree.

We find, contrary to the defendant's contention, that the second count of the indictment charging him with criminal possession of a weapon in the second degree was not duplicitous, but satisfied the statutory and constitutional requirements for particularity of indictments (see, CPL 200.50 [7] [a]; *People v Morris,* 61 NY2d 290; *cf., People v Keindl,* 69 NY2d 823). Moreover, if the defendant believed that the indictment failed to inform him with sufficient particularity of the offense with which he was charged, he could have requested a supplemental bill of particulars.

With regard to the defendant's remaining argument, however, in order to sustain a conviction for reckless endangerment in the first degree it must appear that the defendant, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person. The facts adduced at trial reveal that, while the defendant pointed a loaded gun at Officer Freeman from a distance of approximately 20 feet and pulled the trigger, at that point the gun had already been rendered inoperable because a spent shell from the earlier altercation had become jammed in the chamber. Since the gun was incapable of being fired at the time defendant pulled the trigger, his conduct did not establish the requisite grave risk of death, nor a substantial risk of serious physical injury, and the evidence presented is thus insufficient to sustain a conviction (see, Penal Law §§ 120.20, 120.25; *People v Richardson,* 97 AD2d 693; *People v Wilkens,* 97 AD2d 698). Brown, J. P., Niehoff and Eiber, JJ., concur.

Weinstein, J., concurs in part and dissents in part, and votes to affirm the judgment appealed from, with the following memorandum: I note initially that I have no quarrel with the majority's rejection of the defendant's contention that the count of the underlying indictment which charged him with the crime of criminal possession of a weapon in the second

degree was duplicitous and defective for lack of specificity. However, I strongly disagree with the majority's finding that the evidence adduced is legally insufficient to establish the requisite grave risk of death necessary to sustain the defendant's conviction of reckless endangerment in the first degree. As per the statutory language, "[a] person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25). In the instant case, the defendant, from a distance of approximately 25 feet in front of the pursuing police officers, turned, assumed a combat stance and aimed his gun at the windshield of their vehicle. Officer Freeman testified at trial that the defendant had, in fact, pulled the trigger. His testimony was found to be credible by the trier of fact. The officers immediately took cover behind the dashboard of their vehicle. As they carefully exited the vehicle, they observed the defendant at the front door of an apartment house. As Officer Freeman ran across the lawn in an attempt to take cover behind the building, the defendant again aimed his weapon at him. Officer Farley then shot the defendant before the latter could fire at his partner. Upon taking possession of the defendant's weapon, the officers observed that it bore no serial number and that, although it was loaded, there was a spent shell jammed in the chamber. The police ballistics expert testified that both the gun and the ammunition retrieved from the defendant were operable, and that the internal part of the barrel showed evidence of discharge. It was very highly probable that a bullet fired from such a weapon would pierce a bullet-proof vest.

This set of facts leads ineluctably to the conclusion that this defendant was guilty of reckless conduct evincing a depraved indifference to human life and creating a grave risk of death to another. Clearly, more was involved here than firing a pistol in the air and then pointing it at a person or brandishing a knife on a subway car, examples of conduct deemed by the Appellate Division, First Department, to fall short of that required to support a conviction for reckless endangerment in the first degree (see, People v Richardson, 97 AD2d 693; People v Wilkens, 97 AD2d 698). Where a defendant adopts a combat stance, aims an operable weapon at pursuing police officers and pulls the trigger, he is guilty of reckless endangerment in the first degree irrespective of such considerations as his marksmanship skills, or his knowledge or design with respect to any particular victim (see, People v Koullias, 96 AD2d 869, 870; People v Graham, 41 AD2d 226, 228).