■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LANGE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered October 1, 1987, convicting him of murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the December 10, 1984, stabbing murder and robbery of Edward Roesch.

Contrary to the defendant's contention, we find that the judgment of conviction for murder in the second degree was supported by legally sufficient evidence and was not against the weight of the evidence. The trial testimony established that the victim was last seen at a bar in the company of the defendant shortly before the established time of the murder. It was also shown that the defendant habitually carried a knife having a blade length of the approximate size of the chest wound suffered by the victim.

In addition to the circumstantial evidence, a friend of the defendant testified on behalf of the People that about a month after the murder the defendant told him that he had killed the victim. This testimony constituted direct evidence so that the moral certainty standard of proof is not applicable (see, People v Lambert, 125 AD2d 495). Viewing this evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt of the murder counts.

The fact that the People's witness testified while he was awaiting sentencing for his own felony conviction, does not render the defendant's conviction for murder in the second degree against the weight of the evidence. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined

by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The evidence presented by the prosecution with respect to the crime of robbery in the first degree was entirely circumstantial. Based upon a review of the record, we find that the jury reasonably concluded that defendant's guilt was proven to a moral certainty *(see, People v Betancourt,* 68 NY2d 707). When the victim left his mother's home for work on the night of the murder he was carrying a dark "gym bag" with the inscription "Nike". Only minutes before the murder, the defendant was seen with the victim at a bar. When the victim and the defendant left the bar together, one of them was carrying the bag. Moments later, the victim was found dead with his pockets turned inside out and he was no longer in possession of the gym bag. Within two months of the crime, the defendant was seen in possession of a similar gym bag. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt of robbery in the first degree to a moral certainty. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.