THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BOGGS, Appellant. [847 NYS2d 804]—

Appeal from a judgment of the Livingston County Court (Joan S. Kohout, A.J.), rendered January 24, 2006. The judgment convicted defendant, upon his plea of guilty, of reckless endangerment in the first degree, endangering the welfare of a child, and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated and the matter is remitted to Livingston County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, reckless endangerment in the first degree (Penal Law § 120.25). Although defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Hamilton*, 45 AD3d 1396 [2007]; *People v Joseph*, 45 AD3d 1414 [2007]), we conclude that this is one of the rare cases in which preservation is not required because "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt" (*Lopez*, 71 NY2d at 666). The People correctly concede that reversal of the judgment is required. During his plea allocution, defendant admitted only that he "grabbed a couple of knives" and "threatened the trooper and the police officer," and that he had a "knife in [his] hand" and was "threatening the police with that." The factual allocution thus failed to establish the depraved indifference element of reckless endangerment in the first degree (*see generally People v Feingold*, 7 NY3d 288, 290, 294-295 [2006]), or that defendant created a grave risk of death to the officers (*cf. People v Torres*, 174 AD2d 430 [1991], *lv denied* 79 NY2d 865 [1992]; *see generally People v Wilkens*, 97 AD2d 698 [1983]). Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.