THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND FOUNTAIN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 3, 1972, convicting him of assault in the first degree and operating a motor vehicle while intoxicated, as a misdemeanor, after a nonjury trial, and imposing sentence. Judgment modified, on the law and the facts, by reducing the conviction for assault in the first degree (Penal Law, § 120.10, subd. 3) to assault in the third degree (Penal Law, § 120.00 subd. 2) and vacating the sentence on said conviction. As so modified, judgment affirmed and case remitted to the Criminal Term for resentence of defendant on the reduced conviction. Although the People proved that while defendant was in an intoxicated condition he drove through an intersection in violation of a traffic signal and thus acted recklessly, the People failed to prove that defendant's reckless conduct occurred under circumstances evincing a depraved indifference to human life (*People* v. *Poplis*, 30 N Y 2d 85). They did, however, prove that defendant recklessly caused physical injury to another (assault in the third degree; Penal Law, § 120.00, subd. 2). Gulotta, P. J., Latham and Cohalan, JJ., concur; Martuscello and Benjamin, JJ., concur in the affirmance as to the conviction of operating a motor vehicle while intoxicated, but otherwise dissent and vote to affirm also as to the conviction of assault in the first degree, with the following memorandum: Defendant was indicted for manslaughter in the second degree and criminally negligent homicide in connection with the deaths of Frank Wilfred and Charles Gaines, and for assault in the first degree in connection with serious physical injuries inflicted upon one Serge Clermont—said persons being allegedly struck by

an automobile operated by defendant. Defendant was also indicted for the misdemeanor of operating a motor vehicle in an intoxicated condition. At the trial one of the investigating police officers testified that when he arrived at the scene of the accident an ambulance was in the process of leaving with three persons who had been injured in the accident. Nearby, defendant was standing in front of his dented car. There were no skid marks in the street. After having been advised of his constitutional rights, defendant admitted he was driving at approximately 30 miles per hour when his car hit some people. Two of the persons (Frank Wilfred and Charles Gaines) removed by the ambulance died shortly after their arrival at a nearby hospital. Autopsy reports revealed that they died of injuries consistent with being struck by an automobile. Serge Clermont, the third person removed by the ambulance, testified that he was in the crosswalk with the light in his favor when he was struck and knocked unconscious. His left leg was broken. Another officer testified regarding an analysis of defendant's blood taken within the prescribed time after his arrest, which revealed .23% of alcohol in his blood. (That amount was well over the .15% made criminal under subdivision 2 of section 1192 of the Vehicle and Traffic Law [" Operating a motor vehicle while under the influence of alcohol or drugs "].) Defendant was characterized as unsteady on his feet and having slurred speech and a smell of alcohol on his breath. It was also brought out at the trial that the lighting conditions at the scene of the accident were good and that defendant's car was in proper mechanical condition. The defense rested without having presented any witnesses on defendant's behalf. The Trial Justice, sitting without a jury, acquitted defendant of the manslaughter and criminally negligent homicide counts and found him guilty of assault in the first degree and driving while intoxicated, as a misdemeanor. Our colleagues in the majority conclude that the People failed to prove that defendant's conduct evinced a depraved indifference to human life. We feel, however, that under the circumstances of this case, where it was shown that defendant, while intoxicated, drove through an intersection in violation of a traffic signal at approximately 30 miles per hour while pedestrians were rightfully crossing the street, there existed a sufficient basis from which the Trial Justice could conclude, as he did, that defendant's conduct was reckless and evinced " a depraved indifference to human life ". For the reasons set forth we are of the opinion that defendant was properly found guilty of assault in the first degree (cf. People v. Haney, 30 N Y 2d 328).