THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN LEVENTHAL, on Behalf of JOSE AGOSTA, Respondent, v WARDEN OF RIKERS ISLAND, or Any Other Person Having Custody of the Defendant, Appellant.

In the Matter of ROBERT M. MORGENTHAU, as District Attorney of New York County, on Behalf of the People of the State of New York, Respondent, v SHIRLEY R. LEVITTAN, as Judge of the Criminal Court of the City of New York, et al., Appellants.

First Department, June 19, 1984

APPEARANCES OF COUNSEL

*Michele Maxian* of counsel (*Steven G. Asin* and *Bennett M. Lincoff* with her on the briefs; *Caesar D. Cirigliano,* attorney), for Jose Agosta, respondent in Appeal No. 19327 and for Jose Agosta, appellant in Appeal No. 19328.

*Mark Dwyer* of counsel (*Emily Berger* and *Clara S. Licata* with him on the briefs; *Robert M. Morgenthau, District Attorney,* attorney), for the People of the State of New York.

OPINION OF THE COURT

Asch, J.

The court is faced with two separate but related appeals arising out of a crime committed on February 11, 1983. On that date, the relator respondent (defendant hereafter), a 22 year old, accosted an 88-year-old man in a men's room in the Port Authority bus terminal in Manhattan, punched him in the face, grabbed and took his eyeglasses. The defendant was arrested immediately. A felony complaint was sworn out charging him with robbery in the second degree. The next day defendant was arraigned before Judge Shirley Levittan on the felony complaint, in the Criminal Court. The defendant admitted that he had punched the elderly man and that he had stolen the eyeglasses. Defendant's explanation for his conduct was that it was cold outside, that he wanted to spend the night in jail. The Judge stated she believed the defendant and hence the charge against him should be reduced to the misdemeanor of petit larceny. At a Bench conference she tried to arrange a plea bargain. However, no bargain was made because the Assistant District Attorney expressly refused to consent to the misdemeanor plea. Although Judge Levittan acknowledged that the People would not consent to a lesser plea, she reduced the charge to petit larceny and accepted a guilty plea to that charge. She did not conduct any plea allocution. Defendant's attorney simply stated the defendant pleaded guilty to the reduced charge to cover the docket. The court immediately sentenced defendant on the reduced charge to a term of 30 days, defendant was remanded to serve the sentence and it was completed on March 2, 1983.

Proceeding on the theory that the action of the Criminal Court was null and void, the People presented the case to the Grand Jury. On February 24, 1983, the Grand Jury indicted defendant for robbery in the second degree. A bench warrant was issued for him on March 8, 1983. On March 9, 1983, defendant was arrested on two other unrelated misdemeanor charges. He pleaded guilty to these charges, was sentenced to 30 days and immediately began to serve that sentence. On March 21, while he was serving that sentence, he was brought before Judge Rothwax and arraigned. On April 7, the District Attorney filed a CPLR article 78 petition seeking to vacate the judgment of conviction entered against defendant in Criminal Court by Judge Levittan. This petition was noticed before the Supreme Court, Special Term, and referred to Justice Hilda Schwartz.

The same day, April 7, defendant filed two motions before Judge Rothwax. The first one was a motion to dismiss the indictment alleging that because of his prior conviction before Judge Levittan, the indictment violated his right to be free from double jeopardy. The second motion was an application for a writ of habeas corpus alleging that the court had no right to remand him on the indictment since he had previously been convicted of the same crime and served his sentence. The court retained for its consideration the motion to dismiss the indictment. It forwarded the habeas corpus petition to Judge Carol Berkman, who was sitting in the Motion and Writ Part. On that same day, Judge Berkman granted the writ holding that the Grand Jury could not indict defendant until the People obtained a judgment vacating the misdemeanor conviction before Judge Levittan. Judge Berkman stated she did not have the power to declare invalid the prior conviction before Judge Levittan. On April 28, 1983, Judge Berkman granted reargument and adhered to her original decision in a written order issued May 3, 1983.

On April 8, 1983, the People requested that Judge Rothwax advance consideration of the motion to dismiss the indictment. After reading the plea minutes before Judge Levittan, Judge Rothwax declared defendant's conviction in Criminal Court null and void and denied respondent's

motion to dismiss the indictment. Judge Rothwax found that Judge Levittan had acted "in clear excess of authority and abuse of authority, without any authority, in reducing these charges from a robbery to a petit larceny" over the People's objection and without their consent. (In addition, the court held that the plea itself was totally invalid since defendant never admitted any of the facts alleged or his guilt.)

Thereafter, on June 14, 1983, Justice Schwartz decided the article 78 petition. She granted the petition vacating the judgment of conviction for petit larceny entered by Judge Levittan. Justice Schwartz found Judge Levittan acted beyond the scope of her power, hence her action was a nullity (119 Misc 2d 904). Her theory was that Judge Levittan violated CPL 180.50 (subd 1) when she reduced the felony charge against defendant to a misdemeanor over the People's objection. This determination was correct and the prior granting of the habeas corpus writ was in error.

To sustain the action taken by Judge Levittan, the court would have to conclude that she satisfied the requirements of CPL 180.50 (subd 1) mandating an appropriate "inquiry". Such "inquiry" did not take place. There was no proper "inquiry" pursuant to the provisions of CPL 180.50 (subd 1) by Judge Levittan before she reduced the second degree robbery charges to petit larceny.

That section reads: "Whether or not the defendant waives a hearing upon the felony complaint, the local criminal court may, *upon consent of the district attorney,* take inquiry for the purpose of determining whether (a) the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and (b) if so, whether the charge should, in the manner prescribed in subdivision three, be reduced from one for a felony to one for a non-felony offense. Upon such inquiry, the court may question any person who it believes may possess information relevant to the matter, including the defendant if he wishes to be questioned." (CPL 180.50, subd 1; emphasis added.)

Defendant contends that a Bench conference, at which the Judge discussed the circumstances surrounding the

charge, was an "inquiry" pursuant to CPL 180.50. He also asserts that the Assistant District Attorney did not object to this preliminary inquiry but on the contrary was a willing participant without objection. In addition, defendant contends that Judge Levittan stated on the record that "this doesn't seem the kind of thing to me which should be a felony" and concluded that defendant's statement that he took the man's glasses because he was cold and wanted to go to jail was the truth. The defendant claims the statements by the Judge were sufficient to establish the court was satisfied that there was no reasonable cause to believe a felony was involved, since the requisite intent to commit a felony was lacking.

However, before the Bench conference, the Assistant District Attorney advised Judge Levittan and noted on the record: "People are serving grand jury and statement notice," thus indicating that they were proceeding for an indictment of defendant. After the Bench conference the court said: "I know you don't want to reduce this but this doesn't seem the kind of thing to me that should be a felony, so *without the consent,* if not over the objection, without the consent" (emphasis added), and the District Attorney interrupted "over the objection".

This was an arraignment in the Criminal Court. The Judge asked both parties to approach the Bench with the words "what do you want to do." Obviously, she was trying to ascertain how the parties wished to proceed. The court's question did not mean that Judge Levittan had intended to initiate an inquiry under CPL 180.50 preliminary to reducing the charge to a misdemeanor, or that the People consented to participate in such an inquiry. By stating that he was serving Grand Jury notice *before* he approached the Bench, the prosecutor immediately made it clear that he would not consent to an "inquiry". Defendant claims that Judge Levittan made an "implicit" finding that there was no "reasonable cause" to convict defendant of a felony since he lacked intent to steal. However, if she actually had found that defendant lacked larcenous intent, she could not have taken defendant's guilty plea to the crime of petit larceny. It is clear, therefore, that there was not a proper inquiry pursuant to the provisions of CPL 180.50.

The double jeopardy clauses of the Federal and State Constitutions do not bar the vacatur of defendant's conviction and the prosecution of the indictment against him.

As noted by the United States Supreme Court, the application of double jeopardy principles "has not proved to be facile or routine" (*United States v DiFrancesco,* 449 US 117, 127). As the case review in the *DiFrancesco* matter shows, an acquittal on the merits has special weight in that the defendant thereafter cannot be retried however "egregiously erroneous" the judgment on the facts was. This is because the interests of protecting defendant from prosecutorial overreaching and protecting the integrity of the final judgment remain strong. However, where there is no acquittal on the merits, the principles of double jeopardy do not come into play simply because a defendant has served some jail time. Thus, when a defendant's conviction is overturned because of error of law or a mistrial is declared on defendant's motion, double jeopardy will not bar a subsequent trial. Further, where the entry of a conviction is manifestly improper because the court lacked jurisdiction or because the defendant fraudulently procured a conviction to avoid prosecution for a more severe crime, the conviction can be nullified and the original charges restored without any regard to whether sentence was imposed or served (CPL 40.30, subds 2, 3).

With respect to defendant's "conviction", there was no final judgment of acquittal to protect since the Judge's action was not an acquittal on the merits. In fact, the Judge did not even determine in her own mind that defendant was not guilty. She made that clear when she found defendant guilty of petit larceny. She dismissed the original robbery charge simply because she did not think his action should be punished severely as a felony.

Permitting the prosecutor to proceed on the original charges will not result in prosecutorial overreaching. The erroneous action of the court, not any act of the prosecutor, prevented the District Attorney from prosecuting defendant in the first place. In addition, defendant, through his counsel, encouraged the court by immediately accepting the plea knowing that it was illegal. Thus, defendant should not be able to benefit from this voluntary act.

Although defendant relies heavily on *Ex parte Lange* (85 US 163) which applied double jeopardy sanctions, in *United States v DiFrancesco* (*supra,* at p 139) the Supreme Court stated that *Lange* is "not susceptible of general application." In any event, in *Lange* the trial court had jurisdiction to convict defendant but the sentence was erroneous. Here, in contrast, there was no authority to convict defendant to begin with.

Likewise, the conviction entered in *Matter of Campbell v Pesce* (60 NY2d 165) although in technical violation of the statute, was not void. In *Campbell, with the consent of the People,* the Criminal Court reduced the felony charges against defendant to a misdemeanor. Campbell then pleaded guilty to the misdemeanor and was sentenced, in full satisfaction of the felony complaint. Thereafter, the trial court granted the People's motion to vacate the conviction on the grounds that his plea violated the Criminal Procedure Law. The Court of Appeals concluded that because no statute allowed the trial court to set aside a conviction after sentence, where both the court and the People had concurred in the entry of the original conviction, the original conviction would bar further prosecution.

The Court of Appeals, in *Campbell* (*supra*), had a proceeding before it in which both the prosecutor and court acted in tandem to accept a guilty plea. Also in *Campbell,* the "illegal" conviction was a bar because, although it was in technical violation of pleading restrictions, it was not void. Here, in contrast, defendant's conviction was void since the action of Criminal Court in entering it was objected to by the People and was in willful violation of the authority of the District Attorney.

Accordingly, the order of the Supreme Court, New York County (C. Berkman, J.), entered May 3, 1983, granting reargument of a prior order granting a writ of habeas corpus and upon reargument adhering to its prior determination, should be reversed, on the law, and the writ dismissed, without costs, and the order of the Supreme Court, New York County (H. Schwartz, J.), entered July 19, 1983, granting the article 78 petition by the District Attorney, which sought the vacatur of a judgment of conviction

entered against respondent-appellant Jose Agosta in Crimial Court, should be affirmed, without costs.

KUPFERMAN, J. P. (dissenting). I would affirm the order of May 3, 1983 granting the writ and reverse the order of July 19, 1983 granting the CPLR article 78 petition.

The opinion of the court well sets forth the background. However, the interpretation is necessarily different.

As the Practice Commentary by Honorable Joseph W. Bellacosa to CPL 180.50 (McKinney's Cons Laws of NY, Book 11A, p 134) indicates, there are two areas where the District Attorney is involved. The first is the initial inquiry. It is routine for the court to confer with counsel for the defendant and the District Attorney to see what the situation is in the matter before the court. The District Attorney would in the ordinary course take part. In fact, it would be surprising if there were a failure so to do.

Next comes the question of whether under CPL 180.50 (subd 2) "there is reasonable cause to believe that the defendant committed an offense other than a felony". If so, the court "as a matter of right" may order a reduction in the charge. This was done here. The District Attorney's consent would seem only to be required if there was "reasonable cause to believe that the defendant committed a felony in addition to the non-felony offense". Certainly, the court should have some discretion.

Inasmuch as the defendant did not at any point complain, nor certainly would he have reason to, the remarks by Judge Rothwax about the invalidity of the plea were clearly gratuitous. Moreover, the matter has terminated by the entry of judgment and the service of the sentence. (*Matter of Campbell v Pesce*, 60 NY2d 165.)

SULLIVAN, BLOOM and MILONAS, JJ., concur with ASCH, J.; KUPFERMAN, J. P., dissents in an opinion.

Order, Supreme Court, New York County, entered on May 3, 1983, reversed, on the law, and the writ is dismissed, without costs and without disbursements.

Order, Supreme Court, New York County, entered on July 19, 1983, affirmed, without costs and without disbursements.