THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEBO-
RAH A. MOQUIN, Respondent.

Third Department, December 29, 1988

## APPEARANCES OF COUNSEL

*Sol Greenberg, District Attorney (Michael J. Connolly* of counsel), for appellant.

*Ackerman, Wachs & Finton, P. C. (F. Stanton Ackerman* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J. P.

Defendant is a 36-year-old woman with a prior conviction record of at least two alcohol-related offenses, driving while her ability was impaired in February 1983 and driving while intoxicated in June 1984. On August 6, 1987, at approximately 10:25 P.M., defendant was operating her 1985 Buick Regal automobile in a southerly direction on State Route 85 in the Town of Bethlehem, Albany County. Before the four-lane divided highway narrows to two lanes divided by a double yellow line, a driver following defendant observed that her Buick was in the left-hand lane for southbound traffic, first behind and then alongside or passing a white vehicle, and being driven erratically in respect to its speed by alternately slowing down and speeding up. As the Buick pulled up alongside the white vehicle which had moved from the passing lane to the right lane for southbound traffic, its speed was estimated to have been about 70 miles per hour. As the highway narrowed from 4 lanes to 2 lanes, defendant's vehicle was observed to cross into the lane for northbound traffic. Defendant's brake lights were not observed and at no time did defendant attempt to return her vehicle to its proper lane, even when a station wagon approached heading in a northerly direction. The station wagon was being driven at about 50 to 55 miles per hour by Alice Quinn. Her husband was riding in the front passenger's seat and their 15-year-old daughter, Kathleen Quinn, was in the back. Defendant's vehicle struck the station wagon while the station wagon was entirely within its proper lane for northbound traffic. After the collision, defendant's Buick seemed "to fly through the air" and flip over as it veered back to the southbound traffic lane and came to rest upside down against the west guardrail.

As a result of the accident, Kathleen Quinn died and her parents sustained serious injuries. Upon his arrival at the scene, one police officer noticed that defendant's "breath smelled of a strong alcoholic beverage", and another officer found four empty beer bottles and one full bottle of beer in defendant's vehicle, with a cardboard container for a six-pack. The following day a half-empty beer bottle was found in defendant's vehicle. The results of a blood test, obtained with defendant's consent at the hospital where she was taken after the accident, indicated defendant's blood alcohol level at .24%.

Defendant was indicted for murder in the second degree,

manslaughter in the second degree, vehicular manslaughter in the second degree, two counts of vehicular assault in the second degree, two counts of operating a motor vehicle while under the influence of alcohol as a felony, and reckless driving. County Court granted defendant's motion to dismiss the first count of the indictment, charging murder in the second degree, for legal insufficiency. Upon defendant's application, in which the People did not participate and to which the People were opposed, County Court accepted a plea of guilty to each of the remaining counts of the indictment and sentenced defendant to an indeterminate prison term of 3 to 9 years for manslaughter in the second degree, 2 to 6 years for vehicular manslaughter in the second degree, 1 to 3 years for each of the two counts of vehicular assault in the second degree, 1 to 3 years for each of the two counts of operating a motor vehicle under the influence of alcohol, and one year for reckless driving, all sentences to run concurrently. The People appeal from the order of County Court which dismissed the charge of murder in the second degree contained in the first count of the indictment.

The People argue that the charge of murder in the second degree, insofar as it asserted that defendant's conduct evinced a depraved indifference to human life, was sufficiently supported by the evidence before the Grand Jury and sufficiently alleged in the indictment. Alternatively, the People contend that the murder count, containing within its allegations the lesser included offense of manslaughter in the second degree, is legally sufficient for that reason alone, irrespective of the fact that manslaughter in the second degree was charged as a separate count in the indictment.

Defendant, on the other hand, urges that her conduct was not in any way intentional but was at most reckless, and as such cannot be considered to evince a depraved indifference to human life. Defendant further contends that the use of an automobile as an instrumentality of death must be deliberate in order to constitute a charge of murder in the second degree; and that the enactment of the vehicular manslaughter statutes by the Legislature shows a legislative intent not to treat driving while intoxicated fatalities as severely as second degree murder. Defendant further argues that manslaughter in the second degree is not a lesser included crime of murder in the second degree in these circumstances and, even if it were, the separate and distinct count of the indictment charging manslaughter in the second degree renders a consideration of

that charge as a lesser included offense of the murder count academic.

■ Initially, we note that different culpable mental states have been prescribed by the Legislature for vehicular manslaughter in the second degree (Penal Law § 125.12) as contrasted to manslaughter in the second degree (Penal Law § 125.15 [1]) and murder in the second degree evincing a depraved indifference to human life (Penal Law § 125.25 [2]). The first crime requires proof of criminal negligence. The other two crimes require proof of recklessness, with the murder charge also requiring depraved indifference. Contrary to defendant's argument, these separately prescribed culpable mental states indicate no legislative intent to treat fatalities resulting from alcohol-related motor vehicle incidents less severely than death resulting from other means (cf., People v Snow, 138 AD2d 217). Furthermore, the statutory scheme contains no provision indicating that prosecution for murder in the second degree resulting from the use of a motor vehicle is precluded in all circumstances (People v Gomez, 65 NY2d 9). Having so concluded, defendant's motion can be granted as we have previously held in People v Dorsey (102 AD2d 123, 126), only if the evidence before the Grand Jury was legally insufficient to establish the offense of murder in the second degree as defined in Penal Law § 125.25 (2).

The requirement of legal sufficiency is satisfied if there was "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). The evidence must be viewed in the light most favorable to the People and exculpatory evidence need not be considered (People v Warner-Lambert Co., 51 NY2d 295, 299, cert denied 450 US 1031). The proof need not establish guilt beyond a reasonable doubt (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 70.10, at 705, 706), or even "reasonable cause" to believe that the defendant committed the crime charged (People v Warner-Lambert Co., supra, at 299; People v Dorsey, supra, at 126; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 70.10, at 705, 706). An indictment is presumptively valid and should not be dismissed absent a clear showing by the defendant that the evidence before the Grand Jury, even if unexplained or uncontradicted, would not warrant conviction of that offense or any lesser included offense (People v Gallucci, 62 AD2d 1129, 1130).

In addition to the requirement of "circumstances evincing a depraved indifference to human life" contained in the statute for second degree murder (Penal Law § 125.25 [2]), defendant must be shown to have "recklessly engage[d] in conduct which creates a grave risk of death * * * and thereby causes the death of another person" (Penal Law § 125.25 [2]). Recklessness is awareness of and conscious disregard of a substantial and unjustifiable risk (Penal Law § 15.05 [3]). In this regard, however, evidence of voluntary intoxication in defense of a reckless crime is statutorily precluded by Penal Law § 15.05 (3), which specifically provides that "[a] person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly" (see, People v Register, 60 NY2d 270, 275, cert denied 466 US 953).

The depraved indifference phrase of the statute is not a *mens rea* element focusing on the subjective intent of the defendant but, instead, involves "an objective assessment of the degree of risk presented by [the] defendant's reckless conduct" (People v Register, supra, at 277). The depraved indifference phrase "refers to the wantoness of [the] defendant's conduct and converts the substantial risk present in manslaughter into a *very* substantial risk present in murder" (supra, at 277 [emphasis in original]). It elevates the severity of the offense and differentiates it from manslaughter (supra, at 279). "The focus of the depraved mind murder statute is to allow a trier of fact to discern depravity of mind from the circumstances under which an object or instrumentality is used" (People v Gomez, 65 NY2d 9, 12, supra). The People are required to establish that the defendant's imminently dangerous acts presented a very high risk of death to others and that it was committed under circumstances which evinced a wanton indifference to human life or a depravity of mind (People v Poplis, 30 NY2d 85, 88). A determination must be made if the defendant's conduct, though reckless, was equal in blameworthiness to intentional murder (People v Register, supra, at 275).

■ Defendant, in a highly intoxicated condition, operated her vehicle at an excessive rate of speed across a double yellow line into the oncoming traffic lane and failed to take any corrective action despite the danger she posed to the oncoming traffic in general and the Quinn station wagon in particular. It is undisputed that defendant's conduct was reckless. The issue, therefore, is the wantonness or degree of risk presented by defendant's conduct. In the circumstances, a

jury should determine if the conduct and risk presented evinced a depravity of mind *(see, People v Gomez, supra; People v Register, supra)*. County Court erred in focusing on whether defendant had a full consciousness of the probable consequences, since that consideration is pertinent only to the reckless mental state and not to the depraved indifference element which involves an objective assessment of the degree of risk presented *(see, People v Register, supra)*. In sum, the culpable mental state for both manslaughter in the second degree and murder in the second degree under Penal Law § 125.25 (2) is the same, i.e., recklessness. The severity of the murder charge is elevated by the objective circumstances in which the act occurs *(People v Register, supra,* at 277). Under this objective standard, we conclude that proof before the Grand Jury of defendant's operation of her vehicle, while highly intoxicated and at an excessive rate of speed in the lane for oncoming traffic, and her failure to take evasive action to avoid the Quinn vehicle despite the opportunity to do so constitutes legally sufficient evidence, precluding dismissal of the charge of murder in the second degree *(compare, People v Gomez, supra, with People v France,* 57 AD2d 432).

▮ Alternatively, the People contend that the first count of the indictment is legally sufficient simply because manslaughter in the second degree is a lesser included offense of the murder, second degree, charge. This claim is alleged to be supported by the provisions of CPL 210.20 (1) (b) and by our decision in *People v Dorsey (supra,* at 126). Although we agree that manslaughter in the second degree is a lesser included offense of murder in the second degree as provided in Penal Law § 125.25 (2) *(People v Ivisic,* 95 AD2d 307, 311), we disagree in the circumstances presented here that the murder charge is made sufficient by the lesser included offense. The lesser included offense of manslaughter in the second degree in this case is the identical offense charged in the second count of the indictment to which defendant has pleaded guilty —a plea that remains undisturbed by this appeal. Reconsideration of this conviction of manslaughter in the second degree as a lesser included offense would, therefore, be precluded by defendant's claim of double jeopardy. This conclusion renders the People's alternative argument untenable.

▮ Additionally, we disagree with County Court's conclusion that there is a legal impediment to defendant's conviction for murder as defendant's actions did not rise to that level. CPL 210.20 (1) (h) provides for dismissal of an indictment or any

count thereof when there exists some other jurisdictional or legal impediment to a defendant's conviction for the offense charged. This catchall provision of that statute should be used only when none of the other seven paragraphs (CPL 210.20 [1] [a]-[g]) sets forth the specific ground for dismissal *(People v Frisbie,* 40 AD2d 334). Defendant's motion to dismiss was addressed to the sufficiency of the indictment and the sufficiency of the evidence before the Grand Jury under CPL 210.20 (1) (a) and (b). In our view, CPL 210.20 (1) (h) is, therefore, not applicable.

Accordingly, the order of County Court should be reversed, defendant's motion should be denied and the first count of the indictment should be reinstated.

MIKOLL, YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Order reversed, on the law, motion denied and first count of the indictment reinstated.