THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEBO-
RAH A. MOQUIN, Respondent.

Third Department, January 25, 1990

### APPEARANCES OF COUNSEL

*Sol Greenberg, District Attorney (Michael J. Connolly* of counsel), for appellant.

*Ackerman, Wachs & Finton, P. C. (Richard M. Allen* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J. P.

Defendant was indicted on August 18, 1987 for murder in the second degree (evincing a depraved indifference to human life), manslaughter in the second degree, vehicular manslaughter in the second degree, two counts of vehicular assault in the second degree, two counts of operating a motor vehicle under the influence of alcohol, as a felony, and reckless driving. These charges resulted from a motor vehicle collision which occurred in the Town of Bethlehem, Albany County, on August 6, 1987 at about 10:25 P.M., in which a 15-year-old passenger in the other involved vehicle was killed. Defendant's motion to dismiss the first count of the indictment (murder in the second degree) for legal insufficiency was granted by County Court on March 4, 1988. Three days later, defendant, without any participation or consent on behalf of the People, pleaded guilty to the remaining seven counts of the indictment and, on April 11, 1988, she received various concurrent terms of imprisonment, the greatest of which was 3 to 9 years, a sentence that is presently being served.

By notice dated March 18, 1988, the People appealed County Court's dismissal of the first count of the indictment. On December 29, 1988 this court reversed County Court's

order and reinstated the first count of the indictment (142 AD2d 347). On February 2, 1989, the People moved this court for reargument on the ground that the issue of the vacatur of defendant's plea and sentence had not been addressed in this court's decision. We denied relief, since this issue had not been raised, briefed or argued on the appeal and was not properly before this court. Thereafter, the People moved before County Court to vacate the plea and sentence. Defendant opposed the motion and cross-moved to dismiss the first count of the indictment on double jeopardy grounds. After a hearing, County Court denied the People's motion and granted defendant's cross motion on the ground of double jeopardy. The People appeal. We reverse.

Pursuant to the provisions of CPL 220.10 (2), defendant, as a matter of right, may enter a plea of guilty to the entire indictment. It is defendant's contention that when defendant's plea was entered it was a plea to the entire indictment since the first count had then been dismissed and the plea could, therefore, be entered by defendant as a matter of right. However, this contention must be considered in light of the People's appeal from the order dismissing the first count of the indictment and the strenuous objection of the People to County Court's acceptance of defendant's plea to the remaining counts of the indictment. Under CPL 220.10 (4), when defendant pleads to anything less than the entire indictment, the consent of the People is a requirement. It is the prosecutor who determines "the terms and conditions under which consent to accept a guilty plea will be given" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 220.10, at 206; *see also, People v Farrar,* 52 NY2d 302, 307; *People v Miles,* 93 AD2d 776, 778 [Milonas, J., concurring], *affd* 61 NY2d 635). It follows that if the People's terms are not met the court cannot accept a plea to anything less than the entire indictment.

The instant indictment as handed down by the Grand Jury contained eight counts. After our reinstatement of the first count of the indictment, the indictment still contained all eight counts. Defendant's plea extended to seven counts only and was not, therefore, a plea to the entire indictment and the consent of the People was therefore necessary *(see, People v Felix,* 87 AD2d 529, 531 [Lupiano, J., concurring], *affd* 58 NY2d 156, *appeal dismissed* 464 US 802). The People here did everything to indicate their lack of acceptance and consent to any plea less than a plea to all eight counts of the indictment.

When this court reinstated the first count of the indictment as legally sufficient, the effect was to render defendant's plea to the remaining seven counts ineffective for lack of the prosecutorial consent required by CPL 220.10 (4) *(see, Matter of Gribetz v Edelstein,* 66 AD2d 788). To hold otherwise would effectively prevent the District Attorney from ever appealing from the dismissal of a count of the indictment in clear violation of CPL 450.20 (1).

In support of her claim defendant relies heavily upon *Matter of Campbell v Pesce* (60 NY2d 165). She argues that there is no statutory authority for a court to vacate a plea and reinstate the charges at the request of the People, especially where defendant has commenced serving the sentence that was imposed. In our view, *Campbell* is distinguishable. In *Campbell* both the prosecutor and the court acted in tandem to accept a guilty plea that was only a technical violation of pleading restrictions and not void. Here, in contrast, the People took an immediate appeal from the order dismissing the first count of the indictment and the People never consented to or joined in defendant's plea to the remaining seven counts, which County Court accepted. Upon our reinstatement of the first count of the indictment, defendant's plea was not to all counts of the indictment and, therefore, violated the requirements of CPL 220.10 (4). The situation here is akin to that in *People ex rel. Leventhal v Warden* (102 AD2d 317), which holds that "where the entry of a conviction is manifestly improper * * * the conviction can be nullified and the original charges restored without any regard to whether sentence was imposed or served" *(supra,* at 322). Here, as in *Leventhal,* there has been no determination of guilt or innocence on the first count of the indictment. Permitting the prosecutor to proceed on the original eight charges will not result in overreaching. It was the erroneous action of the court, not any act of the prosecutor, which prevented the People from prosecuting defendant on the indictment as handed down by the Grand Jury. Defendant should not be able to benefit from her unilateral and illegal plea, since without the People's consent there was no authority to convict defendant to begin with *(see, People ex rel. Leventhal v Warden, supra,* at 322, 323).

■ County Court applied the principle of double jeopardy to dismiss the first count of the indictment after we had reinstated it. At the time, defendant's plea to the second count of the indictment charging manslaughter in the second degree

remained intact. This charge, as a lesser included offense of the charge of murder in the second degree as prescribed in Penal Law § 125.25 (2), would prevent further prosecution of the murder count, but further prosecution is not barred if the action is restored to its prepleading status (CPL 40.30 [3]; *see, People v Bartley,* 47 NY2d 965; *see also, People v Key,* 45 NY2d 111, 115). We are of the view that County Court's acceptance of defendant's plea to seven counts of the indictment over the People's objection was, in effect, conditioned upon the propriety of its dismissal of the top count of the indictment, and that all subsequent proceedings based upon the plea, including the sentence and the termination of the criminal action *(see,* CPL 1.20 [16]), were also conditioned upon the validity of the intermediate order which was the subject of the People's appeal. We also conclude that when the condition failed with our reversal of the intermediate order upon which all subsequent proceedings were predicated, County Court had the authority to reconsider its acceptance of defendant's plea in light of our reinstatement of the top count of the indictment. Unless the People's consent to the plea was obtained, as required by CPL 220.10 (4), County Court was required to vacate the plea and the judgment based thereon *(cf., People v Farrar,* 52 NY2d 302, *supra),* thereby restoring the case to the prepleading stage.

The dissent's contention, that CPL 220.10 (2) grants defendant the absolute right to plead guilty to seven counts of the indictment on the theory that those seven counts constituted the "entire indictment" after County Court's dismissal of the top count, would reverse the traditional roles of prosecutor and defendant by effectively giving defendant the right to decide whether the People can exercise the right to appeal from the order of dismissal as authorized by CPL 450.20 (1). Defendant would, therefore, take control of the prosecution. Neither the statutory provisions themselves nor the legislative history suggests that the Legislature intended such an incongruous result. Instead, we are of the view that the statutory provisions must be harmonized, with a balance struck between the competing rights created by those provisions. Our conclusion that defendant's right to plead guilty is conditioned upon the results of the People's appeal from the order of dismissal achieves such a balance.

The order of County Court which denied the People's motion to vacate defendant's plea and sentence and granted defendant's cross motion to dismiss the first count of the

indictment on the ground of double jeopardy should, in all respects, be reversed. Defendant's plea, which was erroneously accepted as a matter of law in violation of CPL 220.10 (4), should be vacated.

YESAWICH, JR., J. (dissenting). We respectfully dissent and vote to affirm.

The Court of Appeals, with studied and consistent direction, has made it clear that where a court illegally accepts a plea and sentencing has commenced, absent the defendant's consent, the court has no power "to vacate the plea and sentence at the prosecutor's request and reinstate the original charges" *(Matter of Campbell v Pesce,* 60 NY2d 165, 168; *see, Matter of Kisloff [Wilson] v Covington,* 73 NY2d 445, 450; *cf., People v Bartley,* 47 NY2d 965). While a limited exception to this principle permits a court to correct a sentence when the error is merely clerical and apparent on the face of the record *(Matter of Campbell v Pesce, supra,* at 169), this is not the situation here. The majority relies on *People ex rel. Leventhal v Warden* (102 AD2d 317) to circumvent the unequivocal prohibition expressed in *Matter of Campbell v Pesce (supra). Leventhal* attempts to distinguish *Campbell* according to the role which the prosecutor played in securing the illegal guilty plea. But that thesis is radically at odds with *Campbell,* which explicitly declares that a court simply has no power to vacate an illegally accepted plea and to resentence a defendant at the prosecutor's request. The prosecution's dissatisfaction with the plea arrangement cannot confer this missing statutory authorization on the court. Furthermore, *Matter of Kisloff (Wilson) v Covington (supra),* a case decided after *Leventhal,* unmistakably reinforces the *Campbell* decision.

Also, we are of the view that at the time defendant entered her plea, the "entire indictment" consisted of the seven counts *(see,* CPL 220.60 [3]) to which she had an unqualified right under CPL 220.10 (2) to plead guilty without the People's consent. The thrust of the majority's argument is that because the People undertook to appeal the dismissal of the first count, the indictment remaining therefore was less than an "entire" indictment. There is, however, no statutory basis for this concept in the CPL. Moreover, its application creates an anomaly, for had this court affirmed County Court, defendant's plea to the remaining counts unquestionably would have been recognized as having been made to the "entire" indictment. Surely, whether an indictment is the "entire"

indictment, to which a defendant has a statutory right to plead, cannot turn on whether a prosecutor chooses to pursue an appeal.

WEISS and HARVEY, JJ., concur with CASEY, J. P.; MIKOLL and YESAWICH, JR., JJ., dissent and vote to affirm in an opinion by YESAWICH, JR., J.

Order reversed, on the law, defendant's plea and sentence vacated, and the indictment restored to the prepleading stage with the first count thereof reinstated.