Bellacosa, J.
(dissenting). We would affirm the order of the Appellate Division, for the reasons stated by Justice Casey (153 AD2d 189), adding these further comments to explain our respectful difference of view from that expressed by the majority of this Court.
Defendant, who had previously been convicted of DWAI and DWI, was charged in an eight-count indictment by a Grand Jury with driving while drunk. She caused the death of a teen-age passenger in the other vehicle and serious injuries to the teen-ager’s parents by striking their vehicle head-on on the wrong side of the highway one night in 1987 (People v Moquin, 142 AD2d 347).
On defendant’s motion, County Court dismissed for insufficiency the top count of murder, second degree, by depraved indifference to human life. Defendant pleaded guilty to the seven remaining counts in the indictment on Monday after the decision on the top count was announced on the previous Friday. The guilty plea was accepted by County Court over the People’s strenuous objections on the record.
We believe this does not constitute a legally complete and final plea to the "entire indictment” as that term is used and intended in CPL 220.10 (2). Under the circumstances of this case, County Court’s action was contingent, by operation of law, upon the Appellate Division’s determination of the propriety of County Court’s dismissal of the top count of the indictment. Our conclusion is fortified and narrowed in application by the People’s timely taken appeal as of right from the dismissal of the count charging defendant with murder (CPL 450.20 [1]). Because the People refused to consent to defendant’s plea to less than the entire indictment and the *457 Appellate Division subsequently overturned the trial court’s dismissal of the top count of the indictment and ordered it restored, County Court had the power to vacate the prior plea and judgment upon remittal from an appellate court, and was given the opportunity to effectuate the remittitur of the Appellate Division, thus restoring the case to its prepleading stage (CPL 40.30 [3]).
This proper corrective action, undoing a guilty plea that was burdened by the People’s dual statutory rights of consent to plea and of appeal from dismissals, is a perfectly commonplace and licit sequel to an appellate disposition. The only error we review is the County Court’s refusal to reinstate the count and vacate the guilty plea. The Appellate Division’s order now under review which gives effect to its prior ruling is proper and ought to be sustained.
This case does not involve the People’s efforts to have the trial court vacate a mistaken or illegally imposed negotiated plea or the trial court’s inherent power to accomplish that feat on its own (cf., Matter of Kisloff v Covington, 73 NY2d 445, 447 [People consented to defendant’s unauthorized plea]; cf, Matter of Campbell v Pesce, 60 NY2d 165 [prosecutor agreed to defendant’s plea of guilty to reduced counts in violation of CPL 180.50 (2) (b) (ii)]). Unlike the prosecutions in those two cases, relied on heavily by the majority, the prosecutor here never consented to defendant’s plea of guilty. Instead, the prosecutor objected and pursued the People’s statutory appeal rights. Moreover, unlike the cases cited by the majority, this is not a plea negotiation case, sought to be belatedly altered at nisi prius alone. Rather, it qualifies as a plea bargain case, attained without the other significant party’s (the People) consent or even participation, which frustrates appellate review and prerogatives. Also unlike those cases, the trial court here was not attempting to correct its own error, but was faced with a remitted appellate correction of adjudicated trial court error to which it was obliged to give legal effect. We disagree with the majority’s simple casting aside of these critical legal and factual distinctions as "analytically [in]significant” (majority opn, at 455).
In requiring the People’s consent to a defendant’s guilty plea to less than an entire indictment (CPL 220.10 [4] [a]) and affording the People the right to appeal a dismissal of a count of the indictment (CPL 450.20 [1]), the Legislature never intended to permit a defendant to achieve a unilaterally *458 effected guilty plea to a legally conditioned reduced indictment, which results in a contradictory deprivation to the People of their dual right to consent to plea and to appeal. The "defeasance” of a trial court’s prior acceptance of plea and sentence, which concerns the majority in this context (majority opn, at 455), is no more significant than the divestiture of the intermediate appellate tribunal of its rightly invoked jurisdiction and adjudicative action brought about by the reversal analysis in this case.
In sum, the reversal of the order in this case, leaving intact the guilty plea to only part of an indictment after the second appeal cycle has been completed, frustrates the People’s statutorily conferred and exercised right to appeal from the order of dismissal (see, CPL 450.20 [1]); effectively gives the defendant unilateral power against the People’s exercise of an efficacious right to appeal from the order of dismissal; nullifies the Appellate Division’s adjudicative authority in reinstating the erroneously dismissed murder count; violates the People’s consent to plea prerogative (CPL 220.10 [4]); and, finally, results in the legal and practical anomaly of a properly reinstated murder charge having nowhere to go and of a guilty plea conviction purporting to resolve an entire indictment — a logical and legal contradiction in this case.
We agree with the Appellate Division conclusion that "[n]either the statutory provisions themselves nor the legislative history suggests that the Legislature intended such an incongruous result” (153 AD2d 189, 193), adding that neither do any of our precedents predict or warrant such a legally incongruous result. Orderly, fair and authorized procedures require that criminal cases should not be resolved in the manner evident in this case.*
*459 We believe the Appellate Division order under review is fully authorized and consistent with long-standing statutory, appellate and plea remedy rubrics, and is not barred by double jeopardy precedents or related principles.
The order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Kaye, Alexander and Hancock, Jr., concur with Judge Titone; Judge Bellacosa dissents and votes to affirm in a separate opinion in which Judge Simons concurs.
Order reversed, etc.

 Amendments in 1990 to CPL 210.20 and 460.40 are also instructive, though not directly applicable or in effect at the time of this case and therefore not governing (L 1990, ch 209, §§ 14, 19; CPL 210.20, 460.40). There, in a new, broader procedural setting, the Legislature has recognized that adversarial traps in these kinds of situations must be avoided. The new inspect-and-reduce judicial authorization provides, for example, that a court order reducing a count or counts of an indictment or dismissing an indictment "shall be stayed for thirty days” following entry of such order unless the People waive such a stay, during which time the People may exercise their right to appeal the order which stays the effect of the order of dismissal. Thus, no plea in that procedural setting (different from that here, to be sure) to a remaining set of counts could be entered without the People’s consent because the entire indictment would still be legally intact for purposes of CPL 220.10.