OPINION OF THE COURT
Gary J. Weber, J.
The defendant, James Signoriello, is charged under indictment No. 2557-93 with having committed the crimes of assault in the first degree and assault in the second degree. By counsel the defendant has made an oral application for an in camera inspection by the court of the minutes of the Grand Jury proceeding and a determination as to their sufficiency. The People have consented to such inspection.
Essentially only a prima facie case must be presented (People v Mayo, 36 NY2d 1002).
*337 The evidence before the Grand Jury was insufficient to establish a prima facie case with respect to count one, assault in the first degree.
The District Attorney adduced proof before the Grand Jury to the effect that the defendant passed a school bus which was traveling 30 m.p.h. in a no passing zone[1] and that, after passing the bus, the defendant’s Isuzu pick-up truck did not return to its proper lane of travel and then collided practically head-on with a Dodge Caravan being driven in a lawful and proper manner by its operator who sustained extremely grievous injuries as a result of the crash.
Without the need of further comment on the topic, the court finds that the proof in this record more than substantiates the required findings of serious physical injury and grave risk of death to another person.
In pertinent part, Penal Law § 15.05 (3) defines recklessly as: "[a] person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto.”[2]
Upon review of the Grand Jury minutes, the evidence must be viewed in the light most favorable to the People (People v Warner-Lambert Co., 51 NY2d 295).
Thus, the People having adduced the facts earlier described with regard to the defendant’s operation of his pick-up truck have satisfied the burden of legal sufficiency with respect to the reckless nature of the conduct of the defendant.
Proof of the element required to maintain the count relating to assault in the first degree, that of establishing that the defendant acted under circumstances evincing a depraved *338 indifference to human life, is quite another and much more difficult proposition.
In People v France, the Court held that a defendant had not acted with depraved indifference to human life when: he was speeding away from a pursuing marked police car; on city streets; he proceeded through four red traffic lights; and he struck another car killing that driver. (People v France, 57 AD2d 432 [1st Dept 1977], cited with approval in People v Gomez, 65 NY2d 9, 12 [1985].)
The defendant in People v Fountain (44 AD2d 685 [2d Dept 1974]) was operating his motor vehicle while in an intoxicated condition, drove into an intersection in violation of the traffic signal at a speed of 30 m.p.h., and struck three pedestrians who were rightfully crossing the street. The Court held that, as a matter of law, the defendant’s conduct did not evince a depraved indifference to human life.
The common thread running through these and other cases appears to be that of a line of demarcation as to whether or not defendant’s conduct, already reckless, crosses yet another boundary and becomes equal in blameworthiness to intentional murder (People v Moquin, 142 AD2d 347 [3d Dept 1988]). The purpose of this distinction is to preclude the possibility of a prosecution for murder in cases which do not involve intent except under the most egregious of circumstances, where the conduct by its very nature is so outrageous as to become the moral equivalent to intentional conduct.
Here, the question is raised in a different, although similar, context. Proof that the defendant acted under circumstances evincing a depraved indifference to human life is necessary to "upgrade” the most serious charge in this indictment to assault in the first degree. The court has no doubt that the same legal principles are applicable to the case at bar as would apply in these regards to a murder charge.
In light of the decided case law, it cannot be said that the proof in this record, viewed in the light most favorable to the People, can substantiate a finding that the actions attributed to the defendant, albeit reckless, evinced a depraved indifference to human life.
In rendering this determination the court is mindful of and greatly sympathetic with the victim in this case because of the terrible injuries which were inflicted upon her.
Even so, this court cannot substitute its own feelings of those or anyone else for the finding required by the decided *339 case law in this State that the defendant acted under circumstances evincing a depraved indifference to human life.
Therefore, count one is found not to be based upon sufficient evidence and it is dismissed.
Count two, which does not require proof of conduct evincing a depraved indifference to human life, is found to be based upon sufficient evidence and, further, the Grand Jury was given adequate instructions on the law with respect to it.
Count two of the original indictment charging assault in the second degree, as defined by Penal Law § 120.05 (4), is sustained and hereinafter shall be renumbered and referred to as count one.

. There is no evidence in this record as to the actual speed that the defendant was traveling save the claim of the bus driver that she was doing 30 m.p.h. in a 30 m.p.h. zone when the defendant’s Isuzu passed her bus.

. There is absolutely no evidence in this record that the defendant was intoxicated or his ability to drive impaired in any way whatsoever by the use of alcoholic beverages or drugs.