■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DAMIANO, Appellant. [681 NYS2d 104] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered July 8, 1996, upon a verdict convicting defendant of the crime of murder in the second degree.

On the evening of April 21, 1991 defendant, Eric Birdsall and Jamie Rullan drove in Rullan's car to the Freetown Road overpass in the Town of New Paltz, Ulster County. Defendant stood on the north side of the bridge, while Birdsall stood on the south side and watched for approaching traffic. In time, a tractor trailer operated by Keith Dibble approached the overpass on the Thruway below and Birdsall alerted defendant to that effect. Defendant then threw a rock off the overpass that struck the tractor trailer and shattered the windshield.

Rullan then drove defendant and Birdsall to the South Ohioville overpass, stopping en route to collect additional rocks, one of which was described as a 52-pound boulder. After throwing "tennis ball" size rocks on the traffic below, defendant and Birdsall placed the 52-pound boulder on the guardrail and Birdsall shoved it off onto the oncoming traffic, where it crashed through the windshield of a car operated by Karen Zenter, killing her instantly.

Defendant was indicted on one count of murder in the second degree and three counts of reckless endangerment in the first degree. Following a jury trial, defendant was convicted of murder in the second degree, reckless endangerment in the first degree and the lesser included offense of reckless endangerment in the second degree. On appeal, we modified by reversing so much of the judgment as convicted defendant of the crime of murder in the second degree and remitted for a new trial on that count (209 AD2d 873, *affd* 87 NY2d 477). Upon remittal, defendant was again convicted of murder in the second degree and sentenced to an indeterminate term of imprisonment of 20 years to life.

On this appeal, defendant contends, *inter alia*, that the evidence presented at trial was legally insufficient to establish depravity and, further, that the verdict was against the weight of the evidence. We disagree. Defendant, in his brief, concedes that the evidence was legally sufficient to establish recklessness, but contends that it did not rise to such a level as to constitute depraved indifference to human life. It is now well established that depraved indifference " 'refers to the wantonness of [the] defendant's conduct and converts the substantial risk present in [recklessness] into a *very* substantial risk present in murder' " (*People v Gomez*, 65 NY2d 9, 11, quoting *People v Register*, 60 NY2d 270, 277, *cert denied* 466 US 953 [emphasis in original]). Put a different way, with regard to depraved indifference, a jury seeks to determine whether a defendant's conduct is equal in blameworthiness to intentional murder (*see, People v Moquin*, 142 AD2d 347, 352).

From our review of the record, it is difficult to discern how a rational trier of fact could not have found the essential elements of the crime charged here beyond a reasonable doubt (*see, People v Contes*, 60 NY2d 620, 621). And while we have the power to weigh the evidence here in a neutral light, if it would not have been unreasonable for a jury to make a different finding, we are of the view that a finding other than murder, on the record before us, would have been extremely unreasonable and thus find that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Indeed, on appeal to the Court of Appeals from the prior conviction, one of the Judges noted that the evidence of defendant's guilt was overwhelming (*see, People v Damiano*, 87 NY2d 477, 495 [Bellacosa, J., concurring in part and dissenting in part], *supra*).* We have considered defendant's remaining contentions, including his assertion that his sentence was harsh and excessive, and find them all to be without merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* The record evidence at the prior trial is almost identical to that before us now.